This is an action by T. E. Lemons against the Gulf, Colorado Santa Fe Railway Company to recover ten thousand dollars damages for injuries resulting in the loss of a foot. The accident occurred when plaintiff was a child nine years of age, and he is now something more than twenty-one years of age. The case is what is commonly known as a turntable case. The defendant answered and pleaded, among other things, a compromise and settlement with plaintiff's guardian, and that plaintiff's disabilities of minority had been removed and he had fully ratified and confirmed such settlement. The plaintiff also prayed for a writ of certiorari to the County Court asking a review of the orders of that court approving the settlement between the guardian and the defendant; and in his brief as appellant herein he states that such suits were consolidated in the District Court, but we fail to find any such order in the transcript.
The trial court gave the following instruction: "Gentlemen of the Jury: In this case the undisputed evidence shows that after the plaintiff was hurt and injured, his father and said railway company entered into an agreement by which the railroad company should pay plaintiff fifteen hundred dollars for the injuries sustained; and it further shows *Page 526 
that after said agreement was made, the father of the plaintiff, T. D. Lemons, was appointed guardian of the estate of said minor and that after he was so appointed, said T. D. Lemons made application to the County Court of Parker County to authorize and empower him, as guardian of said plaintiff, to compromise and settle plaintiff's demand against said railroad company, and that the county judge authorized him so to do, and that in pursuance thereof the said sum of fifteen hundred dollars was paid to said T. D. Lemons as guardian in settlement of said claim; and, further, that a portion of this money was invested in a tract of land and that the plaintiff, with full knowledge of all the facts in connection with said settlement and compromise, after he had his disabilities removed, sold the land which had been so purchased and appropriated the proceeds thereof to his own use and benefit. These facts amount to a ratification of the action of his father and guardian and of the County Court in approving said compromise, and he will not now be heard to question their validity, and for these reasons the evidence will not support a finding for the plaintiff. You will, therefore, find for the defendants."
It is hardly fair to the trial court to discuss that branch of the case which had for its object the review of the orders of the County Court, since, under the view taken by the District Court, the question of ratification after the removal of appellant's disabilities was decisive of all others; and so it would be (if shown), if the court was correct in his assumption that appellant's disabilities of minority had been removed, and the charge is attacked upon this point. Appellant testified in a general way that his disabilities had been removed; that he had applied to the District Court of Parker County for such relief when he was something more than twenty years of age. There was no evidence, however, of the nature of the proceeding for the removal of his disabilities; whether a petition was filed, notice given, order made by the judge, residence of the applicant shown, or other statutory requirements met. Appellant also testified, however, that at the time his disabilities were removed and long prior thereto he was residing in Dallas and not in Parker County.
If the order removing a minor's disabilities were an ordinary judgment of a court of general jurisdiction, we would be justified, in this collateral attack, in assuming in favor of its regularity; but the rule is otherwise in a proceeding like this. In Brown v. Wheelock, 75 Tex. 385, our Supreme Court had under consideration an order of the District Court upon an application for the removal of a minor's disabilities. The record consisted, first, of an entry appointing an attorney to represent the applicant as guardian ad litem, and, next, of the final order of emancipation; the only recitals in the latter were that the applicant, his attorney, and the guardian adlitem appeared and announced themselves ready for trial, and that it appeared to the court "that it is advisable and will be advantageous to the minor, Briscoe B. Smith, to have his disabilities as a minor removed." The trial court had instructed that the decree removing the disabilities of the minor *Page 527 
was conclusive. After a learned review of the nature of the proceedings, the Supreme Court concluded: "It follows from what we have said, that we are of opinion that no presumptions are to be indulged in favor of the regularity of the order in question. In the language of an eminent English judge: 'However high the authority to whom a special statutory power is delegated, we must take care that in the exercise of it the facts giving jurisdiction plainly appear, and that the terms of the statute are complied with. This rule applies equally to an order of the Lord Chancellor as to any order of petty session.' Coleridge, J., in Christie v. Unwin, 3 Perry D., 208. We take it the evidence upon which the judge has acted need not be shown. When it is made to appear that the statute has been complied with, then the order should be deemed conclusive. The preliminary steps were not shown in this case, nor did they appear upon the face of the order. We conclude, therefore, that the court erred in the charge complained of, and that for this error the judgment should be reversed."
In this state of the evidence, the trial court was not justified in assuming, as he did, that appellant's disabilities of minority had been lawfully removed. On another trial, if such fact should be established, this might render unimportant any action of the District Court in the certiorari proceedings to review the orders of the County Court. This trial under the statutes is, of course, de novo (Sayles' Texas Civil Statutes, articles 2800 and 339), and, in the absence of a binding ratification by appellant, the decision in the District Court may be all important. But, since the trial judge put the peremptory instruction upon the ground of ratification based upon the removal of appellant's disabilities as a minor, the cause will be reversed without discussion of other questions in advance. Reversed and remanded for another trial.
Reversed and remanded.
Application for writ of error refused to the Gulf, C. S. F. Ry. Co. for want of jurisdiction.