R. P. CUNNINGHAM v. J. T. ROBISON, COMMISSIONER OF GENERAL LAND OFFICE.

No. 2140.  Decided April 19, 1911.

**1.—Minor—Removal of Disabilities—Judgment—Presumption.**

The authority conferred upon the District Court to remove the disabilities of minors (Rev. Stats., art. 3499) is not judicial, but a special one outside its constitutional powers, and the presumptions in support of its jurisdiction and the verity of its judgment in the case of exercise of its ordinary judicial powers do not obtain.  (Pp. 228, 229.)

**2.—Same—Purchase of Public Lands.**

A District Court had authority to remove the disabilities of a minor only when he was over the age of nineteen and a resident of the county where the proceeding was brought. Where neither of these facts appeared by the judgment or were shown in its support, there was no presumption of its validity, and its production furnished no evidence of the right of such minor to become a purchaser of public lands from the State.  (Pp. 228, 229.)

Original application by Cunningham to the Supreme Court for writ of mandamus against the Commissioner of the General Land Office, Neal, an adverse claimant of the land in controversy, being made corespondent.

*Charles Rogan, E. Cartledge* and *J. D. Cunningham,* for relator.

*Jewel P. Lightfoot,* Attorney-General, and *John L. Terrell* and *L. A. Dale,* Assistants, for respondent Robison.

*E. H. Yeiser* and *Charles Gibbs,* for respondent Neal.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Relator, being a minor, made application to the Commissioner of the General Land Office to have surveyed and to purchase certain lands belonging to the public free school fund, which need not be more particularly described. The commissioner refused to award the land to relator, but upon the application of his corespondent, S. A. Neal, the land was awarded to the latter. It is not necessary to go into details of the facts of this case, as it will be decided strictly upon a question of law, independent of anything connected with the manner of making the applications for the surveys.

Neal answered setting up that at the time relator filed his application to have the land surveyed and to purchase the same he was a minor and not competent to make the purchase. Cunningham replied to this plea, admitting the fact of minority at the time of making the application to purchase, but alleged that his disabilities had been duly removed prior to that time by the District Court of Gaines County, Texas, in the following order:

"Ex parte                    Petition to remove the disabilities of minority.
    No. 22.              In the District Court of Gaines County, Texas.
Paul Cunningham.             March term, 1909—March 22, 1909.

"This day came on to be heard the above numbered and entitled cause, and relator appearing by attorney, and also in person, and J. D. Cunningham, father of said minor, having waived service of citation and copy of petition, said minor announced ready for trial.

"And the court having heard the evidence of the witnesses, and argument of counsel, is of the opinion that said petition should be and it is hereby granted.

"It is therefore ordered, adjudged and decreed by the court that the disabilities of said minor be and the same are hereby removed, and that he have all the privileges and advantages as if he were of full age, except that he shall not vote."

The Legislature of this State conferred upon the District Courts power to remove disabilities of minors by the following provision of the statute:

"Article 3499. Any minor in this State over the age of nineteen years, who may desire to have his disabilities as a minor removed, shall, by a bill or petition, present to the District Court of the county where he may reside the cause or causes existing which make it advisable or advantageous to said minor to have his disabilities removed, which bill or petition shall be sworn to by some person cognizant of the facts set out in said bill or petition."

The authority here conferred upon the District Court is not judicial in its character, but is a special authority, outside of the constitutional powers of the court. In such class of cases the judgment or order entered by the court is not entitled to the presumption of

verity, specially as to the jurisdiction of the court, as would be the case where the function performed was that of the ordinary judicial powers of the court. Brown v. Wheelock, 75 Texas, 385; Marks v. McElroy, 67 Miss., 547; Hindman v. O'Connor, 54 Ark., 627, 13 L. R. A., 490.

In the case of Brown v. Wheelock, cited above, Judge Gaines, speaking for the court, said: "It follows from what we have said that we are of opinion that no presumptions are to be indulged in favor of the regularity of the order in question. In the language of an eminent English judge: 'However high the authority to whom a special statutory power is delegated, we must take care that in the exercise of it facts giving jurisdiction plainly appear, and that the terms of the statute are complied with. The rule applies equally to an order of the lord chancellor as to any order of petty sessions.' "

In the case of Hindman v. O'Conner, cited above, the Supreme Court of Arkansas said: "The power to remove the disabilities of minors is a special power conferred upon the Circuit Courts, and is to be exercised in a summary manner, and not according to the course of the common law. The record does not show the fact—the residence of the minors in Phillips County—necessary to give the Phillips Circuit Court authority to remove the disabilities of Biscoe and Thomas C. Hindman, and the order declaring the removal of their disabilities is void."

The statute of this State herein copied above confers special jurisdiction upon the District Court to remove the disabilities of minors "over the age of nineteen" and the jurisdiction is conferred upon the District Court of the county in which "he may reside." It is apparent from this language that the two facts—that the minor is over nineteen years of age and that he resides in the county in which the proceeding is had—are jurisdictional in their character and must be made to appear in the record in order to sustain the action of the court in exercising that power. A District Court has no authority to remove the disabilities of a minor under nineteen years of age, therefore it must appear that such minor is over nineteen years of age at the time. Such court has no jurisdiction except over such minors as may reside within the county in which the court is held, therefore in order to give jurisdiction it must appear that the minor resided in the county where the court that made the order was held. Neither of these facts appear in the record as presented to this court, nor, indeed, are they alleged in the pleadings of the relator in this court. Whether this court will permit the proof of such fact outside the record is not presented to us and we do not pass upon that question.

It appearing that R. P. Cunningham acquired no right to the land at the time that he made his application, he is not entitled to have his application to purchase declared superior to that of respondent Neal, and it is therefore ordered that the petition for mandamus be refused at the cost of the relator.