## LANDERS v. LANDERS. (No. 8357.)

(Court of Civil Appeals of Texas. Dallas. March 20, 1920.)

**1. Divorce ⊜91—Allegations as to residence of parties held sufficient.**

In wife's divorce action, petition alleging husband and wife to be bona fide inhabitants and resident citizens of the state, that wife was a resident inhabitant of county in which suit was brought, that husband was a resident of a specified county in the state, and that each had been so for more than 12 months next immediately preceding the institution of the suit, *held* sufficient, under statute requiring petition to allege that plaintiff in divorce suit has resided in the state for 12 months, and in the county where suit is filed for 6 months, next preceding the filing of the petition.

**2. Divorce ⊜259—Wife properly given writ of possession against husband as to her separate property.**

Where the property upon which husband lived, though he was separated from wife, was the separate property of the wife, and had been purchased with her separate funds, and had been awarded to her by divorce decree, court did not err in giving wife a writ of possession as against husband and in denying him his homestead right in the property.

**3. Divorce ⊜124—Evidence held to prove separation without cohabitation for ten years.**

In wife's action for divorce, evidence *held* to show that wife had been separated from husband without cohabitation for more than 10 years, not including the time she was in an insane asylum, so as to entitle her to divorce under Vernon's Sayles' Ann. Civ. St. 1914, art. 4632.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by Mrs. Alice B. Landers against A. P. Landers. Judgment for plaintiff, and defendant appeals. Affirmed.

Thornton & Thornton, of Sulphur Springs, and Brooks, Worsham & Graham, of Dallas, for appellant.

Wm. H. Atwell, of Dallas, for appellee.

TALBOT, J. The appellee sued the appellant for divorce and for the recovery of certain property described in her petition as her separate and individual estate. As grounds for divorce she alleged, first, that she and the defendant had lived apart without cohabitation for more than 10 years immediately preceding the institution of this suit, and that they had not lived together, nor been together, nor cohabited as man and wife, for more than 15 years prior to the institution of her suit; second, that the defendant had practiced cruelties and improprieties and excesses toward her, which rendered their further living together insupportable, so far as the plaintiff was concerned, in that he refused to support her, and in that he allowed her to go in want, and caused her to be confined in an asylum over her protest and without cause, and by a series of studied and vexatious squandering of her properties sought to secure control thereof, even though it were necessary to make charges against her sanity, all of which he knew were untrue, and that thereby he had undermined her health and was occasioning the serious impairment thereof. She prayed that she be granted an absolute divorce and that the property described in her petition be set aside to her as her separate property.

The defendant pleaded general and special demurrers, a general denial, and a special answer, which need not be stated. It does not appear that the court took any action on the demurrers. There was a trial before the court without a jury, and judgment rendered granting appellee a divorce, adjudging the property in controversy to be her separate property, and awarding her a writ of possession and restitution. Appellant's motion for a new trial having been overruled, he prosecuted an appeal to this court.

Appellant's first assignment of error is to the effect that the appellee's petition does not allege such facts as will give the court jurisdiction to hear and determine this cause. The proposition advanced is as follows:

"A petition for a divorce must affirmatively allege, and the proof must affirmatively show, that the plaintiff has resided in the state of Texas for 12 months and in the county where the suit is filed for 6 months, next preceding the filing of the petition."

[1] Appellee alleged that she and the defendant A. P. Landers are residents, citizens, and actual bona fide inhabitants and citizens and residents of the state of Texas, and that she is a resident inhabitant of Dallas, Dallas county, of said state, and that the defendant is a resident, inhabitant, and citizen of Hopkins county, state of Texas, and that each has so been for more than 12 months next immediately preceding the institution of this suit. This language of the petition is a sufficient compliance with the statute, which requires that a petitioner for divorce shall, at the time of exhibiting his or her petition, be an actual bona fide inhabitant of the state for a period of 12 months, and shall have resided in the county where the suit is filed 6 months next preceding the filing of the suit. The pleading does not allege in terms that appellee had resided in Dallas county for "6 months next preceding the filing of the suit," but it does allege that she and the appellant are bona fide inhabitants and resident citizens of Texas, that she is a resident inhabitant of Dallas county, of said state, that appellant is a resident inhabitant

of Hopkins county, state of Texas, and that each has so been for more than 12 months next immediately preceding the institution of this suit. This includes the statement that appellee is and has been a bona fide inhabitant of the state of Texas for a period of 12 months, and that she has resided in the county where her suit was filed 6 months, next preceding the filing thereof. The language, "and that each has so been for more than 12 months next immediately preceding the institution of this suit," clearly has reference to the citizenship and residence of each party to the suit, as previously alleged in the paragraph in which it appears, and the evidence was sufficient to support these allegations. This assignment is not well taken and will be overruled.

[2] The next contention is that the court erred in that part of its judgment wherein it gives the appellee a writ of possession as against the appellant and denying him his homestead right in the property described in appellee's petition, for the reason that the testimony shows that appellant and appellee have no other property, and that appellant was at the time of the filing of this suit and trial thereof living on said property as his home, and he is therefore entitled to a homestead right in and to said property. The testimony shows that this property had constituted the home of appellant and appellee, and that appellant resided on it at the time this suit was filed, and had so resided for many years; but the proof showing that it was the separate property of appellee, having been purchased with her separate funds, and having been awarded to appellee as such, the appellant was not entitled to have possession and control of it as a homestead. By the judgment of the court the marriage between appellant and appellee was dissolved, and we are aware of no statute, decision, or rule of law authorizing the separate property of the wife, who has secured a divorce from her husband, to be used and controlled by such husband. This court has recently held in Rudasill v. Rudasill, 219 S. W. 843, not yet [officially] reported, that even when the divorce is denied the wife is entitled, under the act of the Legislature of 1917 (chapter 194, § 1 [Vernon's Ann. Civ. St. Supp. 1918, art. 4621]), concerning the marital rights of parties, to the possession, control, and management of her separate property, notwithstanding it constitutes the homestead of the family. The authorities cited by appellant are not, in our opinion, applicable.

Appellant further contends that—

"the allegations of appellee's petition charging him with cruel treatment are not supported by the evidence, and that the decree of divorce in this case was not warranted, on the ground that the appellee and the appellant have lived apart, without cohabitation, for more than 10 years immediately preceding the institution of this suit, because the testimony shows that appellee was in the asylum for the insane many years, and that 10 years did not elapse from the time appellee and appellant ceased to live together as husband and wife before she was admitted to such asylum, and 10 years has not elapsed since she was released from such asylum, and that, subtracting the time appellee was in the asylum from the total time appellee and appellant have not lived together as husband and wife, 10 years have not elapsed, within the meaning of article 4632, Revised Civil Statutes."

[3] We are inclined to the opinion that the allegations of cruel treatment were not sufficiently established by the testimony to show that the further living together of appellee and appellant was insupportable, within the meaning of our statute, and hence the appellee was not entitled to a divorce from her husband on that ground. But it is very clear, we think, that the judgment of the court awarding the divorce was authorized on the ground that the allegations and proof showed a separation of at least 10 years without cohabitation, not counting the time appellee was in the asylum for the insane. The testimony of the appellee is that she married the appellant in 1883 and lived with him about 12 years; that she left him 5 or 6 years before the year 1902, and has not lived with him as his wife since that separation; that she went to her father (in Hays county) in 1902, was there 6 years, was in Moody Sanitarium 9 months, lived in an apartment with her son, separate from her husband, 2 months after that, and then went to the asylum at Terrell, Tex., where she remained for 7 or 8 years, being discharged therefrom in November, 1917. Appellee further testified, in effect, that since she was released from the asylum at Terrell she has not been on the premises occupied by her husband and has not cohabited with him. The testimony of the appellee is corroborated by the testimony of her two sons, and the only fair interpretation of it is that she had been separated from the appellant at the time of the institution of this suit, without cohabitation within the meaning of the statute, for more than 10 years, not taking into consideration the time she was in the asylum, and counting such time about 19 or 20 years.

Our conclusion is that we would not be authorized to disturb the judgment of the district court for either of the reasons urged by appellant, and it will therefore be affirmed.

Affirmed.