### GONZALES et al. v. GONZALES.
(No. 1523.)*

(Court of Civil Appeals of Texas. El Paso. Nov. 15, 1923. Rehearing Denied Dec. 13, 1923.)

1. **Venue** ⊂⊃84—Order transferring case immaterial where parties consented to setting and trial of case.

Where a case was originally filed in the Sixty-Fifth district court, and both parties consented to the setting and the trial of it in the Forty-First district court, the fact that the order tranferring the case had not been entered or the cause docketed in the Forty-First district court, as provided by Acts 33d Leg. 1st Called Sess. (1913) c. 11, and Acts 34th Leg. (1915) c. 24, § 8 (Vernon's Ann. Civ. St. Supp. 1918, art. 30, subd. 34), was immaterial.

2. **Husband and wife** ⊂⊃185—Order permitting conveyance without joinder by husband unauthorized unless essential facts exist.

An order granting a married woman permission to execute deeds without joinder of her husband was unauthorized unless the husband had abandoned her, was insane, or had refused to join in the conveyance.

3. **Evidence** ⊂⊃82—No presumption in favor of regularity of order permitting married woman to convey.

No presumption is to be indulged in favor of the regularity of an order permitting a married woman to execute deeds without her husband joining therein.

4. **Husband and wife** ⊂⊃232(1)—Burden upon those setting up wife's deed to show that wife alone could convey.

The burden is upon defendants who dispute the title of plaintiff, a married woman, because of a conveyance by her, to show that the steps required by law to authorize the wife alone to convey property have been complied with.

5. **Husband and wife** ⊂⊃137(1)—Statute giving wife sole management of her separate property does not exempt homestead.

Vernon's Ann. Civ. St. Supp. 1918, art. 4621, which gives to the wife the sole management, control, and disposition of her separate property, does not exempt the homestead, and the wife has the same right of sole management, control, and disposition of the homestead, as of any other of her separate estate.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 6, 1924.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Louisa M. de Gonzales against S. G. Gonzales and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Davis, Jackson & Fryer and Croom, Goldstein & Croom, all of El Paso, for appellants.

A. W. Norcop, of El Paso, for appellee.

WALTHALL, J. Louisa M. de Gonzales, appellee, in August, 1922, brought this suit against appellants, S. G. Gonzales, husband of appellee, and not joined pro forma with appellee in the suit for reasons stated, but made defendant in the suit, Navara G. de Gonzales, Manuel Acosta, and his wife, Elvira Gonzales de Acosta, Virginia Acosta and her husband, John Doe Acosta, to recover possession as to all appellants of the real property described with all improvements thereon, and the fixtures and furniture therein.

Appellee alleged that she was the owner of said property and entitled to its possession, and 'to the sole management, control, and disposition thereof as her separate property; that she had theretofore, by oral agreement, let the premises and property to appellant Navara G. de Gonzales under the terms of which said appellant· was to have the use, care, and occupancy of said property at appellee's will, to care for and protect same; alleged the termination of said tenancy by demand for possession and notice, and a wrongful holding over by said appellant. As to the other appellants, it was alleged that they were occupying said premise, and claimed to have some rights to do so; but that they had no right whatever so to do.

Appellants answered by general demurrer, general denial, denied that the property was the sole and separate property of appellee, but was the community estate of appellee and appellant S. G. Gonzales, and that the control and management of said property is in him; that appellee claims said property as her separate property on account of a deed made by appellant S. G. Gonzales to her while she and S. G. Gonzales were joint owners and the property was their community estate, and were then occupying same as their homestead; that ever since the execution of said deed said property has been the homestead of appellee and said S. G. Gonzales; that at the time of making said deed S. G. Gonzales was indebted to various parties, and appellee and S. G. Gonzales were alarmed, though needlessly, as to their homestead, supposing that it might be taken by their creditors, and, acting under such supposition, conceived the idea of putting the title in the name of appellee, but that neither ever considered such conveyance a gift by S. G. Gonzales to appellee, but only as a trust whereby appellee would have the title for the use and benefit of their community estate; that there was no consideration for said transfer, and the consideration mentioned was fictitious; that the conveyance was not fraudulent as to creditors, in that said property, being the homestead, was not subject to the claims of creditors; that it was not contemplated that S. G. Gonzales should cease to manage said property as community property; that in the management of said property S. G. Gonzales has permitted the other appellants, members of his family, to occupy said property for the purpose of preserving and caring for it; that none of them were put in possession by appellee. S. G. Gonzales alleged that he had paid out community funds for improvements and repairs on the property, stating said amounts, and asked that said funds be reimbursed; that appellee, without notice to him, procured an order from the district court permitting her to manage and dispose of said property as her separate estate, and thereafter sought to convey said property to her mother, Guadalupe de Medina, so that, if said property is not the community estate, as alleged, appellee has no such interest as would warrant the relief sought.

Appellee answered by exceptions, general denial, alleged title to be in her as her separate property by reason of S. G. Gonzales' deed to her, denied that there was any understanding or agreement that the deed was not to be effective as a conveyance to her; alleged that the consideration expressed in the deed was the true consideration for the conveyance; that S. G. Gonzales owed appellee a large sum of money, appropriated by him out of her separate estate, and that in satisfaction thereof and his agreeing to discharge all liens then on said property the conveyance was made; denied liability for improvements made for reasons stated.

The court overruled all exceptions, and the case was tried without a jury. The court decreed appellee possession of the property and the right to exercise sole management, control, and disposition thereof, as against all appellants, enjoined and restrained S. G. Gonzales from in any manner interfering with appellee in her possession, management, control, and disposition of the property, and directed the issuance of an injunctive writ in conformity with the decree, denied appellee a recovery of any money except her costs, and denied S. G. Gonzales recovery on his cross-action in behalf of himself and the community estate of himself and appellee.

The trial court made and filed findings of fact and conclusions of law substantially as follows:

Appellee and appellant S. G. Gonzales are husband and wife, and have been such since 1909, but for some time prior to the filing

of this suit had been living separate and apart from each other. At the time of appellee's marriage to S. G. Gonzales she was possessed of separate property, and from time to time during her said marriage relation appellee and her mother, Mrs. Medina, advanced money to appellant S. G. Gonzales, which was used by him in various businesses. The property in controversy was acquired by appellee and S. G. Gonzales during their marriage, and was their community property. In 1919 S. G. Gonzales was considerably in debt, and offered to deed the property to his wife, appellee, and pay the incumbrance on it, which he did. The consideration for the conveyancing was the money theretofore advanced by appellee to Gonzales. At the time of the conveyance the property was the homestead of appellee and Gonzales. In 1921, appellee left the property in controversy and moved to a piece of property on Grant avenue, in the city of El Paso, Gonzales having left the property some months prior thereto, either shortly before or shortly after appellee left the property. Mutual arrangements were made with appellee and Gonzales that the mother of Gonzales should occupy the property and care for it as a tenant at will of appellee. Appellee made due demand of appellants for possession before filing suit. On the 21st day of March, 1922, appellee executed and delivered a deed purporting to convey the property in controversy to her mother, Mrs. Guadalupe Medina; her husband, Gonzales, not joining in that deed, the district judge of the Thirty-Fourth district court, by an order, having authorized appellee to make said conveyance, as her separate property without the joinder of her husband in the same manner and way as if appellee were a single woman. Gonzales has sought to interfere with appellee's right to the possession, management, and control of the property, and with the other appellants withhold the possession of the property from appellee.

The trial court concluded the law to be substantially as follows: The deed from Gonzales to appellee vested the title to the property in controversy in her as her separate property, and by virtue thereof appellee has the right to the sole management, control, and disposition thereof, regardless of its homestead character, and any interference with such right by Gonzales is a legal wrong. As to appellants other than S. G. Gonzales, though the deed of appellee to her mother, Mrs. Medina, "be effective as a conveyance," they, being tenants of appellee, cannot avail themselves of an outstanding title with which they are in no wise connected. The court further held that the deed from appellee to Mrs. Medina conveyed no title, the husband not joining in the deed, and the district court order not

having authorized her to convey specific property, but had the effect to authorize appellee to act as a feme sole as to her separate property, and "emancipate her from the general requirement of the law. The intention of the Legislature in authorizing a married woman to convey her separate property without the joinder of her husband upon application duly made and order thereon does not authorize her emancipation by order of Court."

## Opinion.

Before considering the questions going to the merits of the controversy, we will first dispose of the fifth proposition of appellants, which suggests a want of jurisdiction in the Forty-First district court to try the case.

[1] This case was originally filed in the Sixty-Fifth district court, but was tried in the Forty-First district court without an order of the Sixty-Fifth district court first made and entered on the minutes of this court, as provided by the Thirty-Third Legislature at its first called session (Acts 1913, p. 17), and the Thirty-Fourth Legislature (Acts 1915, c. 24, § 8 [V. Tex. C. & C. Statutes Supp. 1918, p. 26]). The appellants filed their original answer in the Sixty-Fifth district court. The case was set for trial in the Forty-First district court. Appellants filed their first amended original answer and cross-action in lieu of their previous pleadings in the Forty-First district court, to which appellee answered by her supplemental petition filed in the Forty-First court. The case was tried on the pleadings filed in the Forty-First district court. All parties announced ready for trial in the Forty-First district court on the 13th day of November, and the case proceeded to trial, both parties introducing evidence and arguing the case. On December 1st the conclusions of fact and law were reached by the court as embodied in the judgment and decree, and were announced from the bench by the trial judge. The docket was then called for to enter thereon a minute of the court's conclusion, when for the first time it was discovered that the case had not been entered on the docket of that court. It was at that stage of the proceeding that appellants first questioned the jurisdiction of the Forty-First district court over the case. The Sixty-Fifth district court, on notice that through inadvertence the order for the transfer of the case had not been entered, then entered such order nunc pro tunc, to be effective as of the 11th of November, 1922.

Appellants in their bill of exceptions recite that, while this cause was set down for trial in the Forty-First district court, and appellee had filed her pleadings in that court, appellants did not know that this cause was pending in the Sixty-Fifth district court, and not on the docket of the Forty-First district

court, and under such mistake of fact they filed their pleadings in the Forty-First district court, and tried this cause in the Forty-First district court up to the time the court was about to render judgment herein. In the absence of any evidence in the record as to what appellants knew or did not know of the removal of the case from the Sixty-Fifth to the Forty-First District, we assume that appellants' statement means only that they did not know that the formal order of transfer of the case had not been entered on the docket of the court transferring the case, and that no certified copy of the order had been filed among the papers, and did not know that the clerk had not docketed the cause in the Forty-First court.

The record does not disclose how the case reached the Forty-First district court for a setting and trial of the case in that court. In the absence of a showing to the contrary, it seems fair to assume that appellants had consented to the setting and trial of the case in the Forty-First court up to the time in the trial when the court had passed upon all questions of law raised by the exceptions, had heard the evidence and arguments of all parties, had taken the case under advisement for some time, and, as stated by the court in approving the bill of exceptions, had announced from the bench his decision on the merits of the case as embraced in the judgment thereafter entered, and had called for the trial docket to make the entry thereon.

The question seems to be more one of venue than of jurisdiction, as the law itself provides that the said two courts shall have concurrent jurisdiction with each other in El Paso county, which may be waived.

We think, also, it might be the proper construction of the provision of the statute directing the transfer of the case from either of the two courts to the other to be made by the formal order of transfer and the filing of the certified copy of such order among the papers that it applies only where the court, acting upon its own discretion, transfers the case, and does not necessarily apply where the parties litigant themselves waive, agree, or consent to such transfer. This view is strengthened by the provisions of Acts 38th Leg. Reg. Sess. (1923) c. 105, relating to procedure in district courts in counties having two or more district courts with civil jurisdiction only by omitting therefrom the order of transfer. However, that may be, the record affirmatively shows that the appellants consented to the setting of the case and the trial of it in the Forty-First district court and tried the case in that court, and the order transferring the case would be immaterial under the circumstances.

[2] On March 20, 1922, the district court of El Paso county, reciting that on application of appellee, a married woman, an order, judgment and decree is granted appellee entitling her "to sign her name alone, without the joinder of her husband, to any deed or transfer or incumbrance relating to her separate property, in the same way and manner as though she were a single woman." On March 21, 1922, by warranty deed of that date, reciting that upon her application she, a married woman, had been granted permission to execute deeds without the joinder of her husband, in consideration of $1 paid and her indebtedness to the grantee for money advanced to her, which was acknowledged, and in consideration, of "natural love and affection for my mother," appellee executed a deed in the form of a warranty deed to Mrs. Medina of the property in controversy. The deed was duly acknowledged and recorded. Appellants, by their fourth proposition, suggest that the above conveyance and order by the court, without having the conveyance set aside by a direct proceeding, estops appellee from claiming the relief sought in this case. The application for the order is not shown in the record, and neither the order itself nor the deed shows the ground or jurisdictional fact upon which the order is based; that is, it is not made to appear that by application or otherwise it was alleged or shown to the court granting the order to appellee that the husband had permanently abandoned appellee, nor that he was insane, nor that he had refused to join appellee in a conveyance of her separate estate. In the absence of some one or more of such facts the court could not properly have granted appellee the right to convey her separate real estate.

[3, 4] A presumption is not to be indulged in favor of the regularity of the order to convey, as in a case of ordinary judgment of a court of general jurisdiction in assuming in favor of its regularity; the rule is otherwise in cases like this. The burden was upon appellants to show that the steps required by law to authorize the wife alone to convey had been complied with. Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, 841; Lemons v. Railway, 63 Tex. Civ. App. 524, 134 S. W. 742; Cunningham v. Robison, 104 Tex. 227, 136 S. W. 441. There was no specific finding of fact by the trial court that Gonzales intended by his conveyance to appellee to make the property her separate property. The court concluded as a matter of law that the husband's deed to her vested the title to the property in her as her separate estate, and the parties have so viewed it here, and we think the evidence and some of the court's findings sufficient to sustain that view.

[5] We come now to the last and only really difficult issue on the merits of the controversy, the construction of article 4621, Vernon's Texas C. & C. Statutes, 1918 Supplement, which gives to the wife the sole management, control, and disposition of her

separate property and as an exercise of that right by the wife may affect the homestead character of the property.

Here the property in controversy is the separate property of the wife, is the homestead of the wife and her husband, and is in the exclusive possession of the husband and others claiming to hold under him. The suit is for the possession of the property, that the wife may exercise the right of sole management, control, and disposition of it as her separate estate, as given her by the statute. The only question seems to be: Has the wife the right of possession to the exclusion of the husband, the property being her separate estate and the homestead of both? The right of the wife to dispose of the property by conveying it to another is not involved in the controversy, though the possession of the property to the exclusion of the husband and any homestead right he may have in the use of the property is involved.

The controversy suggested by appellants in their propositions is to the effect that the conveyance by appellant S. G. Gonzales to appellee did not destroy the homestead character of the property; that, if such be true, the court should not enjoin appellant Gonzales from taking part in its management, control, and disposition as a homestead; that the homestead rights of Gonzales, the husband, could not be and were not abandoned through his deed to his wife, as they continued thereafter to live on the property as their homestead.

We have concluded that, as the statute, in giving to the wife the sole management, control, and disposition of her separate real and personal estate, does not exempt the homestead, the wife has the same right of sole management, control, and disposition of the homestead that she has to any other of her separate estate. In the case of Rudasill v. Rudasill (Tex. Civ. App.) 219 S. W. 843, in a similar controversy to this, the proposition there being that the homestead being upon the separate property of the wife not only does not exempt it from the control given her by the act of 1817, but makes it peculiarly subject thereto, the Dallas Court of Civil Appeals, speaking through Judge Talbot, in a well-reasoned opinion, held that the act expressly conferring upon the wife the sole management, control, and disposition of her separate property includes that of the homestead, as well as her other separate estate. We need not quote the language of the opinion nor state the argument or reasoning of the court in so holding, but will only refer to the case.

The same question was before the Dallas Court of Civil Appeals in Landers v. Landers (Tex. Civ. App.) 220 S. W. 359, in which case the court refers to the case of Rudasill v.

Rudasill, supra, and makes a similar holding. We concur in the holding there made.

Finding no reversible error, the case is affirmed.