**JOHNSON et al. v. WILLIAMS et al.**
. (No. 634.)

Court of Civil Appeals of Texas. Eastland.
Dec. 13, 1929.

Rehearing Denied Jan. 31, 1930.

Sayles & Sayles, of Eastland, and J. M. Chandler, of Abilene, for plaintiffs in error.

Scott, Brelsford, McCarty & Brelsford, of Eastland, for defendants in error.

FUNDERBURK, J. This is a suit by Mrs. Lona Johnson, joined by her husband, A. W. Johnson, upon a promissory note for the principal sum of $1,000, with interest and attorneys' fees (less credits aggregating $201.15), against R. I. Williams and wife, L. G. Williams. The suit also sought the establishment and foreclosure of an attachment lien against certain lands, being the separate property of the said Mrs. L. G. Williams. As a basis for recovery against Mrs. L. G. Williams, the plaintiffs alleged that, although she was a married woman at the time of the execution of the note, her disabilities of coverture had been removed by an order of the district court of Eastland county upon application therefor in which she was joined by her husband, which order was entered of record on or about the 4th day of November, 1922.

By way of defense the defendants, in addition to general and special exceptions and a general denial, alleged that Mrs. L. G. Williams was a married woman, and that the order attempting to remove her disabilities of coverture was void because of the want of jurisdiction in the court to make the order, together with other facts to show that without such valid order she would not, because of her coverture, be liable on the note.

It was agreed that defendant R. I. Williams had been discharged from the note by bankruptcy. The case was tried before the court without a jury and judgment rendered for the defendants. Plaintiffs have prosecuted writ of error to this court.

The trial court made and filed findings of fact and conclusions of law. The court, among other things, found that the petition to remove the disabilities of coverture of the defendant Mrs. L. G. Williams was filed in the Ninety-First district court of Eastland county, and docketed as cause No. 9441, and that subsequently an order was made and entered by the judge of said court transferring the said cause to the Eighty-Eighth district court, and that subsequent to that the judge of the Eighty-Eighth district court made and entered an order purporting to remove the disabilities of coverture of Mrs. Williams. The court further found, however, that the order of transfer was not certified to by the clerk of said court and no certified copy of same was filed among the papers of said cause, nor was the case docketed in the court to which it was undertaken to be transferred. The above findings, together with the conclusions therefrom that the Eighty-Eighth district court, did not acquire jurisdiction by reason thereof, are all that are deemed pertinent to the question of jurisdiction involved. The court made other findings to the effect that Mrs. Williams signed the petition for removal of her coverture disabilities at the solicitation of her husband, without knowing and understanding the purpose for which same was signed; that neither Mrs. Williams nor her husband appeared and testified in the cause in the Eighty-Eighth district court. These findings we construe as designed to rebut any possible presumption of a waiver of the requisites prescribed by statute for the transfer of a case from one of the district courts of Eastland county to the other.

■ Appellees appear to concede that the correctness of the trial court's judgment is dependent upon whether it was rightly concluded from the facts in evidence and as found by the court that the Eighty-Eighth district

court did not acquire jurisdiction to make and enter the order removing the disabilities of coverture of Mrs. Williams. A determination of this question, it is thought, will control the proper disposition of the case here.

The question thus presented for determination involves the construction of two statutes. They are Revised Statutes 1925, art. 4626, prescribing a procedure for the removal of a married woman's disabilities of coverture, and a part of article 199, subds. 88, 91, having special reference to the two district courts of Eastland county. Said article 4626 provides that any married woman within the state may, with the consent of and joined by her husband, apply by written petition addressed to the district court of the county in which she may be a bona fide resident, for judgment or orders of the said court removing her disabilities of coverture and declaring her feme sole for mercantile and trading purposes. It is provided that the petition shall set out the causes which make it to the advantage of said married woman to be so declared feme sole, "and shall be filed and docketed as in other cases, and at any time thereafter the district court may, in term time, take up and hear said petition and evidence in regard thereto. If upon a hearing of said petition and evidence relating thereto, it appears to the court that it would be to the advantage of the woman applying, then said court shall enter its decree declaring said married woman feme sole for mercantile or trading purposes, and thereafter she may, in her own name, contract and be contracted with, sue and be sued, and all of her separate property not exempt from execution under the laws of Texas shall thereafter be subject to her debts and liable under execution therefor, and her contracts and obligations shall be binding on her."

The provision of article 199, subds. 88, 91, in question is as follows: "Either of the judges in the said District Courts of Eastland County may, in his discretion, either in term time or in vacation, transfer any case or cases, civil or criminal, to the other of said district courts *by order entered on the minutes of his court, or minutes or orders made in chambers as the case may be* (italics ours), which orders when made shall be copied and certified to by the clerk of said courts together with all orders made in said case, and such certified copies of such orders shall be filed among the papers of any case thus transferred, and the fees thereof shall be taxed as a part of the costs of said suit, and the clerk of said court shall docket any such case in the court to which it shall have been transferred, *and when so entered* (italics ours), the court to which it shall have been transferred shall have like jurisdiction therein as in cases originally brought in said court; * * * provided, that when there shall be a transfer of any case from one court to the other, as here-

in provided, on motion of either of the parties to said suit, notice must be given to either the opposite party, or his attorney, by the party making the motion to transfer, one week before the time of entering the order of transfer."

The statutory proceeding prescribed by article 4626 is what is known as a special proceeding. It is of the character described in Galpin v. Page, 85 U. S. (18 Wall.) 350, 371, 21 L. Ed. 959, as follows: "But where the special powers conferred are exercised in a special manner, not according to the course of the common law, or where the general powers of the court are exercised over a class not within its ordinary jurisdiction upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. The facts essential to the exercise of the special jurisdiction must appear in such cases upon the record."

In Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, 112, 841, the Supreme Court determined that the statutory provision for the removal of a minor's disabilities was one of this class of proceedings, and as to the rule governing same said:

"We think the power given by the statute must be regarded as an authority conferred upon the district judge as a commissioner, to be exercised while holding the sessions of his court, and not upon the court itself. He could hardly be compelled to exercise the function; it could hardly be deemed an official duty. Though he should be regarded as acting merely in deference to the will of the legislature, and as a matter of comity, his action in removing the disabilities of minority in any particular case, when done in conformity to the provisions of the law, should be deemed valid, and conclusive of the question of the power of the minor thereafter to contract as a person of full age. The legislature having provided that his action upon certain conditions shall be effectual to confer the rights of majority, except as to political matters, upon certain conditions, we see no good reason why his order should not have effect, when made in accordance with the provisions of the statute. * * * *

"The proceeding is ex parte, and the interest of the applicant alone is to be affected or to be considered. Even the public has no interest as against his interest. He has no adversary.

"It follows, from what we have said, that we are of opinion that no presumptions are to be indulged in favor of the regularity of the order in question."

For other cases dealing with special proceedings, see Lemons v. G., C. & S. F. Ry. Co., 63 Tex. Civ. App. 524, 134 S. W. 742; Cunningham v. Robison, 104 Tex. 227, 136 S. W. 441; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084.

The provision above quoted from article 199, subds. 88, 91, requires the following:

(a) An order of transfer entered on the minutes (if court is in session) or,

(b) By order entered on the minutes or (as) orders made in chambers;

(c) The orders shall be copied and certified to by the clerk;

(d) All other orders made in the case shall be copied and certified to by the clerk;

(e) The certified copies of orders shall be filed among the papers of the case transferred;

(f) The fees thereof shall be taxed as part of the costs in the case;

(g) The clerk shall docket any such case in the court to which it shall have been transferred.

The statute then provides, *"and when so entered,* the court to which it shall have been transferred shall have like jurisdiction therein as in cases originally brought in said court."

It is necessary to determine if each of these requirements (or, if not, which of them) is jurisdictional. It is, no doubt, the general rule that all of the statutory requirements are to be regarded as jurisdictional. But we have concluded that this statute itself distinguishes between the requirements that are jurisdictional and those that are not. The primary requirement of the statute is that the order be entered on the minutes, and then it is provided that, "when so entered the court to which the transfer is made shall have jurisdiction." The specification that the court shall have jurisdiction, when the order is "so entered," impliedly excludes the construction that the making and filing of the certified copies and the docketing of the case in the court to which the transfer is made are jurisdictional. The rule is operative that the specification that particular acts or circumstances shall be regarded jurisdictional excludes all others. In this case the record shows that the jurisdiction of the Ninety-First district court was properly invoked by a written petition setting out the grounds for removal of disabilities in which the husband of the married woman joined and signified his consent. The petition was duly filed, and there can be no doubt that the Ninety-First district court acquired jurisdiction of the proceeding and that the fact of such jurisdiction was duly manifested of record.

We are not entirely clear that the matter of the transfer of this proceeding to the Eighty-Eighth district court would not be subject to the same rules as though it were an ordinary lawsuit. We regard it as already settled that in case of an ordinary lawsuit the making of the certified copies and the docketing of the case in the court to which the transfer is made are not jurisdictional,

at least in the sense that the judgment would be subject to collateral attack. Gonzales v. Gonzales (Tex. Civ. App.) 256 S. W. 658; Grand Lodge v. Kidd (Tex. Civ. App.) 10 S.W. (2d) 420.

However, if we consider that the transfer of a special proceeding such as this would require that the order of transfer be governed by the rule applicable to special proceedings, and that therefore no presumption is to be indulged in favor of the jurisdiction of the court to which the transfer is made and any such order be held subject to collateral attack, still we are of the opinion that the statute by its peculiar terms, having by clear implication differentiated the requirements that are jurisdictional from those that are not, and the jurisdictional requisites appearing, the Eighty-Eighth district court must be held to have acquired jurisdiction to make a valid order.

The effect of the order, if valid, is to make Mrs. Williams liable for the note and the attached property subject to foreclosure and sale. The judgment of the trial court will therefore be reversed, and judgment here rendered that plaintiffs in error have and recover judgment of the defendant in error Mrs. L. G. Williams the amount of the note with interest and attorneys' fees, less the credits, and have foreclosure of the attachment lien and order of sale, as provided by law.

Reversed and rendered.

### On Rehearing.

The earnestness with which defendants in error, in their motion for rehearing, insist that our original opinion manifests an erroneous disposition of the case, moves us to a further expression of our views, more particularly with reference to the argument made. It is insisted that the words "and when so entered," appearing in subdivisions 88, 91, R. S. 1925, art. 199, should be construed to refer to the immediately preceding requirement that the clerk "shall docket any such case in the court to which it shall have been transferred," and not to the requirement that the order of transfer be "entered on the minutes of his court." The only question is: What is meant by "so entered"? The employment of "so" shows that, whatever is meant by "entered," it is something previously mentioned. What previous mention is made of something to be entered? Clearly it is provided that the *order* of transfer shall be *entered* on the *minutes*. If the clerk performs the duty enjoined that he "shall docket any such case in the court to which the case shall have been transferred," how would such act be appropriately denominated? Would it be said he had *entered* the case, or rather would it not be said that he had *docketed* the case? If we undertake,

in this connection, to treat "docketed" and "entered" as synonymous terms, we encounter more than one difficulty. "Docketed" includes "entered" to be sure, but it includes something more. Besides, orders are not entered on dockets, particularly orders such as the one in question, which is provided to be entered upon the minutes. Therefore the entry which is an element in "docketed" is of something other than and different from an order, namely, a case. Whatever ambiguity there may be in the statute, it is certainly an order that is to be entered on the minutes and a case that is to be docketed. But there is no previous mention of entering a case, as there is of entering an order, and therefore that could not appropriately be referred to as "so entered." A more plausible argument could be made that "so entered" meant "case entered in court," but cases are not usually referred to as being entered in court, and such construction would likewise be subject to the objection that it could not properly be referred to as "so entered."

That "so entered" refers back to the entry of the order of transfer in the minutes is further indicated, we think, as pointed out by plaintiffs in error, by the language "shall docket any such case in the court to which it *shall have been transferred.*" (Italics ours.) The fact of the transfer is thus referred to in the past perfect tense as something already completed at the time it becomes the duty of the clerk to docket the case.

█ The reasonableness of the construction we have given the statute is further reinforced by a consideration of the fact that the docket meant must be the judge's trial docket. Presumably the case had been entered in the clerk's file docket when it was first filed in the Ninety-First district court. That filing was without reference to which court would take jurisdiction of the case, the clerk being the clerk of both courts. But the judge's trial docket is not even a part of the record in the case, as we have had occasion only recently to hold. Erwin v. Griffin, 23 S.W. (2d) 78, by this court; Burleson v. Moffett (Tex. Civ. App.) 3 S.W.(2d) 544.

Since whatever it is that is to be entered, and whatever it is in which the entry is to be made is a jurisdictional matter, which is it

the more reasonable to believe was intended, an act that is properly and necessarily a part of the record of the case, or one which is not?

While fully appreciating the difficulty of the question, we think it the more reasonable construction to hold that "so entered" refers to the entry of the order or transfer in the minutes.

The point is against stressed that the proceeding in question is not a civil *case* within the meaning of the statutory provision for transfer of "any case or cases, civil or criminal." Brown v. Wheelock, 75 Tex. 385, 12 S. W. 111, 841, is relied upon as authority. When that case was decided, it was thought that, had the Legislature sought to confer upon the district court, as a court, jurisdiction of such a proceeding, the act would be unconstitutional. Rather than strike down the act then under consideration, the construction was forced that the jurisdiction was conferred upon the judge as a commissioner. But in 1891 the Constitution was amended so as to authorize the Legislature to confer upon district courts, not only the jurisdiction previously conferred, but in addition thereto "such other jurisdiction, original and appellate, as may be provided by law." Const. art. 5, § 8. Under authority of the Constitution as amended, we think undoubtedly the Legislature had the authority to confer upon district courts the jurisdiction which it purported to confer by the provisions of R. S. 1925, art. 4626. Having such authority, the legislative construction of whether or not such a proceeding should be regarded as a case would, we think, be controlling. That such a proceeding was by the Legislature construed to be a case is clearly shown by that part of the statute reading "and shall be filed and docketed as in *other cases.*" (Italics ours.) But even aside from this legislative construction we would be loath to read into the provisions of this statute governing the Eight-Eighth and Ninety-First district courts an intent to provide for the transfer of some of the matters properly addressed to the jurisdiction of said courts and to deny such power did not exist as to all matters addressed to the jurisdiction of said courts.

The motion for rehearing will be overruled, and it is accordingly so ordered.