## COAST v. COAST.

### No. 3885.

Court of Civil Appeals of Texas. El Paso.
Dec. 7, 1939.

Rehearing Denied Jan. 4, 1940.

Hyman I. Fischbach, of New York City, and Saye & Saye, of Longview, for appellant.

Chas. F. Potter and Weeks, Hankerson & Potter, all of Tyler, for appellee.

PRICE, Chief Justice.

This is an action for divorce originally filed in the District Court, 71st Judicial District, for Gregg County. A somewhat extended statement of the record taken from the transcript is essential to a consideration of the issues involved in the appeal.

Appellee, on the 8th day of December, 1936, filed his petition for divorce from appellant in the 71st District Court for Gregg County; the petition contained the requisite jurisdictional averments and stated a cause of action for divorce; December 19, 1936, appellant filed her answer thereto; December 31, 1936, a hearing was held to determine whether appellant was entitled to certain interlocutory relief sought in her answer; this hearing was before the Honorable Clarence E. McGaw, Judge of the 124th Judicial District for Gregg County, who, as attested by his official signature, purported to act for the Judge of the 71st Judicial District; the order made recited appellant was entitled to temporary alimony, but no amount was fixed; appellee was enjoined from encumbering or disposing of any real or personal property, with certain exceptions, and ordered to return an inventory; February 25, 1937, appellant filed her first amended original answer and cross action; the cross action sought a divorce from appellee and averred good grounds therefor; on the same day as the filing of the cross action appellee filed answer thereto; on the same day, to-wit, February 25, 1937, appellee, through his attorney, together with appellant and her attorney, appeared before the District Court for Gregg County, 124th Judicial District; appellee announced through his attorney that while he would not dismiss his suit he did not intend to offer evidence in support thereof; it was the clear and manifest intention of all parties to the litigation that the trial be had on appellant's cross action; appellant offered evidence in support of her cross action; at the conclusion of the evidence the court pronounced judgment in favor of appellant on her cross action awarding her a divorce, all the relief sought in her cross action; at the time the case was heard and judgment rendered no order appeared in the minutes of the 71st District Court for Gregg County transferring this cause to the 124th District; prior to the hearing the Judge of the 71st District had made an order so transferring the cause and noted same on the docket.

The judgment rendered in the divorce case was not recorded in the minutes of the court at the term of court at which it was rendered.

On the 24th day of October, 1938, the court, that is, the 124th, entered a judgment on the motion of appellee reciting the rendition of the divorce judgment on February 25, 1937 and the inadvertent failure to enter same in the minutes and ordered the judgment rendered on the 25th day of February, 1937 to be entered nunc pro tunc, and same was so entered. This proceeding was all without notice of any kind to appellant or her attorney.

On the 27th day of October, 1938, appellant filed petition seeking to have the said judgment entered by the court on October 24, 1938 set aside. On the 2nd day of November, 1938, the Judge of the 71st Judicial District entered an order in the minutes of such court reciting the making of the order of transfer on the 25th day of February, 1937, and the failure to record same in the minutes and ordering the same to be recorded as of February 25, 1937. November 4, 1938, appellee filed reply to appellant's petition to set aside the nunc pro tunc order. There was a hearing on the 5th day of November, 1938. The court denied appellant's motion to set aside the judgment of October 24, 1938 providing for the nunc pro tunc entry of the divorce judgment and further adjudged that the judgment of February 25, 1937 was duly rendered, and adjudged the nunc pro tunc entry and establishment thereof. Appellant excepted to this judgment and gave notice of appeal, which she has duly perfected.

On the 22nd day of March, 1939, appellee filed a motion in the 71st District Court for Gregg County seeking the nunc pro tunc entry in the minutes of that court of the order of February 25, 1937 transferring the case to the 124th District Court for Gregg County. Appellant accepted service of this motion, but protested hearing thereon in vacation. A hearing was held on the 25th of March, 1939, and order was entered in accordance with the motion of appellee. This proceeding appears in the supplemental transcript.

Appellee has filed a motion to dismiss this appeal. This motion was passed by the court to be taken up with the consideration of the entire case. For grounds of dismissal it is urged that appellant is seeking to have set aside a judgment, the sole effect of which was to grant her all the relief sought by her in the trial court. Further, that since the rendition of the judgment and in reliance thereon that each party assumed the status of an unmarried person and that appellee in reliance on the judgment married.

■ One of the grounds urged by appellant for reversal of the decree entered herein is that the court rendering same had not jurisdiction to render the judgment of February 25, 1937, and same is null and void. If this be established it goes without saying the judgment should have never been rendered and, of course, should not have been entered. There could be no appeal from the judgment until it was entered. Brinkley v. State, Tex.Civ.App., 49 S.W.2d 516; Frankfurt v. Grayson, Tex. Civ.App., 68 S.W.2d 533.

■ One, although seeking and obtaining a void judgment purporting to affix marital status, may appeal therefrom. As to the second ground for dismissal we do not believe a party is estopped to assail the validity of a void judgment, especially where the prima facie effect of which is to confer upon such party a false marital status.

The judgment, that is, the one rendered on February 25, 1937, but not entered at that time, is assailed as null and void on the ground that the cause was then pending in the 71st District Court and the judgment was rendered in the 124th District. It is not contended that the Judge of the 71st District did not make an order transferring this case, but it is contended he did not enter same upon the minutes of the court, and until said order was so entered it was ineffective. Reference is made to Vernon's, Ann. R.C.S., Vol. 1, p. 362, Art. 199, sec. 13. It is there provided in substance that the Judge of the 71st District Court for Gregg County may transfer by order entered in the minutes of the 71st District to the 124th District, and the Judge of the 124th may so transfer cases to the 71st District.

This requirement to enter in the minutes might be jurisdictional. Johnson v. Williams, Tex.Civ.App., 24 S.W.2d 79. In the orderly keeping of records of the disposition of suits filed in the three courts exercising jurisdiction in Gregg County it may be a wise and salutary provision. However, either of the courts involved herein had potential jurisdiction over this case. The question, then, to be determined is: Was jurisdiction of the court granting the divorce properly invoked?

■ The language used in the statute construed in the case of Johnson v. Williams, supra, "when so entered," the court shall have jurisdiction, was very specific. The language here "may enter an order," etc., referring to the jurisdiction the words "so transferred," are used. We are loath to hold that the entry of the order in the minutes is in all cases an absolute condition of jurisdiction over a transferred case. The question raised after all is in essence one of venue. A proper disposition of this

appeal does not require a holding that such provision is absolutely jurisdictional.

It appears from the findings in the judgment of November 5, 1938, that the parties to the litigation appeared in open court and sought the action of the court on the matters included in the pleadings. These facts clearly and almost undisputably appear from the evidence taken upon the hearing on the motion for entry of the judgment nunc pro tunc.

The 124th District Court for Gregg County had potential jurisdiction over actions for divorce. Beyond question in the state of the pleadings there would have been full and complete jurisdiction over the persons and the parties thereto had the Judge of the 71st District Court for Gregg County entered an order transferring the case. The parties appeared in the 124th District Court and sought trial and exhibited the pleadings therein. The above facts, in our opinion, gave the court full jurisdiction to render the judgment. Gonzales v. Gonzales, Tex.Civ.App., 256 S.W. 658, reversed by the Supreme Court, 115 Tex. 16, 273 S.W. 798, on another point; Grand Lodge, Colored Knights of Pythias v. Kidd, Tex.Civ.App., 10 S.W.2d 420; Houston & T. C. R. Co. v. Walker, 107 Tex. 241, 173 S.W. 208; De Zavala v. Scanlan, Tex.Com.App., 65 S.W.2d 489.

Appellant, Mrs. Coast, was not a resident of Texas at the time of the filing of her cross action and the trial of the case. Jurisdiction depended on the domicile and residence of appellee. It is well established by authority and impliedly conceded by both parties therein that there was potential jurisdiction to grant the divorce on the cross action if appellant was entitled to maintain the action.

Appellant, however, urges that the cross action had not been on file for thirty days before February 25, 1937, and hence the court was without jurisdiction to grant decree thereon. Appellee's petition had been on file for more than thirty days. On December 19, 1936, appellant filed answer to appellee's petition and the decree was entered February 25, 1937. Article 4632, R.S., provides: "Suit shall not be heard or divorce granted before the expiration of thirty days after the same is filed." Appellant concedes that she is unable to cite an authority holding that this applied to a cross action. To our minds the Legislature intended by this provision to give time for deliberate consideration on the

part of each party involved before the action of the court could be invoked. Likewise, the provision might have a tendency to prevent fraud and overreaching. Thirty days was considered ample time for this purpose.

In the suit for divorce the status of the plaintiff and defendant is the subject matter before the court. A decree granting a divorce necessarily changes the status of each party.

Article 4631, R.S., provides in substance it is necessary to the maintenance of divorce suit that petitioner be an actual bona fide inhabitant of the state, etc. A defendant to maintain a cross action in a suit for divorce does not have to be an actual bona fide inhabitant, but may in fact be a non-resident, as was appellant. It is clear to us that the word "suit," in Art. 4632, is used in the same sense as in 4631, hence the thirty-day requirement does not apply to a cross action on behalf of defendant.

Appellant asserts that the nunc pro tunc order of October 24, 1938 is void and of no effect on account of lack of notice to her. If this be granted, it cannot be denied that there was a full hearing of all parties before the order of November 5, 1938 was made. This order after hearing adopted and vitalized the order of October 24, 1938, and was in effect a nunc pro tunc entry of the judgment as of November 5, 1938.

The motion of appellant filed on October 27, 1938 made a broad attack on the order of October 24, 1938. The attack not only included the matter of the judgment as a nunc pro tunc order, but assailed the judgment as rendered February 25, 1937. She urged grounds seeking to show that the conduct of appellee had been such toward her as to estop him from seeking an entry of the judgment nunc pro tunc. Appellee urged grounds of estoppel against appellant. These matters will be briefly treated later.

With the exceptions noted above the allegations of appellant's motion consisted largely of matters proper to be urged in a motion for a new trial as to the judgment of February 25, 1937. Evidence was heard as to these matters which were all intrinsic to the judgment at the prior trial. By way of illustration, it was alleged and evidence introduced that at the time of the filing of appellee's suit he had not been an actual bona fide inhabitant of the State of Texas for a period of a year.

In the case of Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1041, in an opinion written for the Court by that great Jurist, Nelson Phillips, the scope of the issue in the nunc pro tunc proceeding is set forth with force and clarity. Stated in a sentence, the inquiry is not what the judgment might or ought to have been, but only what judgment was rendered. Dunn v. Cravens, Dargin & Co., Tex.Civ.App., 97 S.W.2d 242; Corbett v. Rankin Independent School District, Tex.Civ.App., 100 S.W.2d 113.

We do not mean to hold that it might not be shown in opposition to the entry of a judgment entered at a former term that there was no jurisdiction to enter same, and that for that reason it was null and void. These matters may be shown to prevent the entry. If the purported judgment rendered, sought to be entered, was void, it was not a judgment and should not have been entered when pronounced and should not now be entered for them. What we do hold is that we cannot retry the case resulting in the judgment of February 25, 1937. The evidence taken at the hearing held on November 5, 1938 will not suffice as a statement of facts as to matters intrinsic to the original judgment rendered as aforesaid on February 25, 1937.

In her motion appellant alleged that during the month of September or October, 1937, appellee came to her home in New York and induced her to resume relations with him as his wife, and that such relations were continued for about two weeks, when he abandoned her; that this reconciliation and resumption of marital relationship was secured by her reliance on the representation of appellee that the former divorce proceeding had been so disposed of as to no longer be a bar to this resumption of relationship of husband and wife. This allegation she supported by her testimony. Appellee admitted sexual relations with his former wife subsequent to February 25, 1937. He, however, denied in toto the representations testified to by appellant; he also testified that the relationship was of much shorter duration than as testified to by appellant. Appellee alleged as equity on his behalf that in reliance on the decree he had contracted a marriage which was then existing. This marriage was alleged to have taken place in October, 1937.

If the matters alleged by appellant were legal grounds to justify the refusal to enter the judgment as rendered, there was a conflict in the testimony with reference thereto. This conflict was solved against her by the trier of the facts, and both parties are bound thereby.

We are not impressed with appellee's plea of estoppel on account of his marriage. He married when under the law of this State he was ineligible to contract a marriage. His present wife is not a party to this proceeding, hence estoppel cannot operate in her favor. There is no averment in appellee's answer to the motion as to whether his present wife knew when his former wife obtained a divorce and on what grounds.

However, a decree of divorce on the grounds of cruel treatment is not interlocutory, but effective to dissolve the bonds of matrimony. Ex Parte Castro, 115 Tex. 77, 273 S.W. 795.

It is not meant to cast any doubt upon the present or past validity of appellee's last marriage.

There is no error in the record.

It is ordered that the judgment be affirmed.