## J. O. Ross et Ux., Executors, v. P. A. Drouilhet et al.

### Decided January 23, 1904.

**1.—Judgment—Void and Voidable.**

If it could be held in any case that in a proceeding to set aside an execution sale on the ground that the judgment was rendered within a year of the death of the testator, and therefore before the excutors could be required to plead under the statute, would avoid the judgment, it does not appear from the pleadings in this case at what time the decedent died, or when the executors were appointed, and accordingly the judgment was not void.

**2.—Same—Service—Failure as to One of Two Executors.**

Failure to secure service on one of two executors, service being had on the other, if error at all, could, at most, but render a judgment against the estate voidable.

**3.—Same—Execution Sale—Setting Aside—Irregularities in Judgment.**

Errors of procedure in procuring a judgment valid on its face can not be looked to in determining the validity of a sale made under it.

**4.—Same—Abatement—Jurisdiction.**

A suit to enjoin or set aside a judgment merely voidable must be brought in the court in which it was rendered. Judgment and sale in this case upheld.

**5.—Attorney—Buying at Sale Under Process He Controls.**

An attorney stands in no such relation of trust toward the adverse party as will prevent him from buying the property of defendant for himself at judicial or execution sale under process controlled by him as counsel for plaintiff. Douglass v. Blount, 95 Texas, 369.

### ON REHEARING.

**6.—District Court—Jurisdiction—Judgment—Direct or Collateral Attack.**

Under the law providing two district courts in Galveston County with concurrent territorial jurisdiction a suit to set aside a judgment rendered in one, the Tenth District, was filed in the other, under a provision requiring odd numbered suits to be filed in that, the Twenty-fifth District Court, and even numbered in the Tenth; it was then transferred by that court to the Tenth District as the one having jurisdiction to set aside such judgment, and there, on the accession of a judge who had been of counsel, transferred to and tried in the Twenty-fifth under a provision authorizing such transfer in case of disqualification of the judge. Held (1) that the first transfer, to the Tenth District, was perhaps proper; (2) if not so, the filing in that court, under order of transfer, was equivalent to an original institution of the suit in the Tenth District; (3) the retransfer to the Twenty-fifth, on disqualification of the judge, was authorized by the law; and (4) the trial after such transfer continued to be a direct and not a collateral attack on the judgment.

**7.—Judgment—Order of Sale—Agreement.**

Where the attorney taking judgment against the executors of an estate for foreclosure of a lien for city taxes, on suggestion that but one had been served, promised, if such were the case, to refund the costs, such undertaking was no ground for setting aside a subsequent sale of the property under the judgment where defendants took no further action in the matter.

**8.—Joint Executors—Judgment on Service on One.**

Service upon only one of two joint executors of an estate will support a judgment against the estate.

**9.—Executors—Judgment—Time to Answer.**

The right of executors to a year from the death of the testator in which to answer suits against them is in the nature of a personal privilege which, in an action to set aside the judgment, must be asserted in the trial court and can not be raised for the first time on appeal.

**10.—Executors—Judgment.**

Suit and judgment and sale of property of an estate thereunder held to be against defendants as executors and not personally.

Appeal from the District Court of Galveston. Tried below before Hon. Robert G. Street.

*James B. & Chas. J. Stubbs, Edgar Walkins,* and *Frank C. Jones,* for appellants.

*P. A. Drouilhet,* for appellees.

GILL, ASSOCIATE JUSTICE.—On the 5th day of December, 1901, P. A. Drouilhet, as attorney for the city of Galveston, filed suit against J. O. and Ellen B. Ross, independent executors of the estate of J. H. Burnett, deceased, to recover taxes due the city for the year 1900 upon certain lots in said city. This suit was instituted and prosecuted to judgment in the Tenth District Court of Galveston County. Citation was issued to J. O. and Ellen B. Ross as independent executors of the estate, resident in Harris County. Both citations were returned indorsed by the sheriff as having been duly served. The appellee, P. A. Drouilhet, acted throughout as counsel for the city, and on March 19, 1902, no answer having been filed, took judgment by default for the sums prayed for with foreclosure of liens on the pieces of property described in the petition, among which were lots 11 and 12, in block 503, of the city of Galveston.

On June 25, 1902, the amount adjudged against *lot 12 in block 44* and the costs of suit was paid and the sum indorsed as a credit on the judgment.

On the 9th of July, 1902, an order of sale was issued directing the sheriff to sell lots 11 and 12, in block 503, to satisfy the balance due on the judgment. Proceeding thereunder the sheriff mailed notices to defendants and after due advertisement did, on the 5th of August, 1902, sell the last named lots at public outcry as required by law. P. A. Drouilhet bid $325 each and they were cried off to and deeded to him by the sheriff. The aggregate of the sums bid was slightly in excess of the balance due on the judgment.

On August 8th, appellee paid his bid to the sheriff by check (which had not been cashed at the time of the tender hereinafter mentioned).

On August 8th, about 8:30 p. m., after the transaction with the sheriff had been consummated, the appellants, through their agent, tendered appellee the amount of his bid and interest, but the tender was refused. They immediately filed suit in the District Court of the Fifty-sixth Judicial District in Galveston County against the sheriff, the city, and appellee to set aside the judgment and sale, and to enjoin further proceedings thereunder. For cause of action it was averred, among other things, that no service had been actually had upon Ellen B. Ross, one of the executors; that the judgment was void because taken within a year of the death of Burnett; that neither of them received notice of the contemplated sale, and that the property, though worth $15,000, sold for $650, a grossly inadequate price. Other mat-

ters were pleaded which we do not deem it material to state in this connection.

Appellee pleaded to the jurisdiction of the court which, being overruled, he contested generally the issues tendered by appellants.

It was shown on the trial, in addition to the facts already stated, that prior to the suit in the Tenth District Court, appellants had arranged with the tax collector of the city to pay in installments such taxes as might be due the city, but that when a part of that due on the property in question was tendered to the collector he informed appellants that the claim was in the hands of the city attorney. When suit was filed the sheriff of Harris County served the citation on J. O. Ross, one of the executors and the husband of Ellen B. Ross, the other executor. That J. O. Ross took the citation intended for his wife, saying he would hand it to her. That thereupon the sheriff returned both as duly served. That Drouilhet took judgment for the city not knowing that service had not actually been procured on both as indicated by the sheriff's return, and bought and paid for the property without such knowledge.

It was shown however that C. M. Kemp, the agent of appellants, when told by Drouilhet that judgment had been taken, stated he did not think Mrs. Ross had been served. This, however, was a mere surmise, as he had no information on the subject. Drouilhet replied that if that was the case he would refund the costs. This was before issuance of order of sale and before the costs were paid and the credit made on the judgment as above stated.

It was not sought to be shown in this suit that the sum sued for was not due, or that a different result would be reached if the judgment and sale should be set aside. Instead, the purchase price and interest was tendered and paid into court, the real purpose of the suit being to set aside the sale, and avoid the payment of double the purchase price as a means of redeeming under the statute.

After hearing the facts the court instructed a verdict for appellee and there was judgment accordingly.

On this appeal appellants present for our consideration the sufficiency of each and all the grounds urged by them in the court below for the setting aside of the judgment and sale.

We are of opinion that none of them are sufficient for the purpose. The judgment rendered by the District Court of the Tenth District was certainly fair on its face, and at most was voidable. If it could be rightly held in any case that in a proceeding of this sort the fact that the judgment was rendered within a year of the death of the testator, and therefore before the executors could be required to plead under the statute, would avoid the judgment, the fact remains that it does not appear to have been disclosed by the pleadings in the city's suit at what time decedent died, or when the executors were appointed. It follows that this would not render the judgment void.

The failure to serve the other executor, if error at all, could at most render it voidable.

Its procurement was attended with no irregularity which affected the fairness of the sale and appellants had notice of its rendition prior to the sale.

It is said in Crosby v. Baunowski, 95 Texas, 451, that errors of procedure in procuring a judgment valid on its face can not be looked to in determining the validity of a sale made under it.

Without entering into further details we hold that the judgment was not void, and being at most voidable, the plea in abatement to the jurisdiction of the court should have been sustained as to so much of the suit as questioned the regularity of its procurement. Nothing is better settled than that a suit to enjoin or set aside a judgment merely voidable must be brought in the court in which it was rendered. Indeed this is statutory, and the portion of the suit which seeks to effect the sale because of irregularities in the procurement of the judgment could be urged with equal force against any and all writs issued thereunder. It follows that to allow such objections would be to nullify the judgment.

If it be conceded that the effort to set aside the sale on the ground that no notice of same reached appellants, though mailed to them, or that the property brought an inadequate price, or that Drouilhet induced the agent of appellants to believe there would be no sale, does not come within the rule that suits which are designed to arrest the process or judgments of a court must be brought in the court which rendered the judgment, we think the judgment of the trial court should nevertheless be affirmed.

The undisputed proof is that notices of the proposed sale were mailed to the address of appellant. The statute required no more of the officer in that respect, and the advertisement being unobjectionable either as to time or form, the point is without merit.

While it is true Drouilhet told appellants' agent Kemp that if service had not been had upon Mrs. Ross he would refund the costs, still he did nothing to induce the agent to believe there would be no sale, and as neither appellants nor their agents took the trouble thereafter to advise Drouilhet definitely of the facts they had no right to assume that the attorney for the city would wait longer for a sum for which he had found it necessary to sue. The sale was advertised for twenty days as required by law. Appellants had two agents in the city. They already had actual knowledge that an unsatisfied judgment was standing against them and that the time for issuance of execution had arrived. It certainly did not devolve on the city or Drouilhet to give further notice. We think it clear this point is equally without merit.

We think the question of inadequacy of price is in effect eliminated from such cases as this by the provision of the statute allowing the owner two years in which to redeem by paying double the amount of the sale price.

Such sales are not designed or intended to result in a greater price than enough to satisfy the judgment. The greater the sum bid the

greater the penalty on the owner. It is the policy of the law to induce bidders to bid the amount of the taxes, and avoid the necessity of a purchase by the city. The reward of the bidder is not the right to the difference between the value of the property and the price bid, but to demand the penalty allowed by the statute, if the owner desires to redeem.

It is true the attorney for the judgment creditor when he bids in the property is in no better position than the creditor in matters involving notice of irregularities which might affect the validity of the judgment or sale or the adequacy of price, for he necessarily has notice of them. But in this case had the plaintiffs been present they would have bid no more than the face of the judgment and costs, and this the appellee did.

By their negligence the appellants have lost the right to assert that appellee is not entitled to the rights of any other bidder. The authorities on the question of the right of an attorney to bid at the execution sale of his client are reviewed and the law upon the point clearly settled in Douglass v. Blunt, 95 Texas, 369, and we regard our conclusions as consistent with the doctrine announced in that case.

None of the other points urged require extended notice.

We are of opinion the judgment should be affirmed and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

At a former day of this term we affirmed the judgment of the trial court in this cause treating this action as a collateral attack on the judgment assailed. 2 Texas Law Journal, 495.

Pending the motion for rehearing we granted a writ of certiorari whereby the record was made to disclose more fully the facts attending the institution of this suit. As they were not and could not have been included in the main opinion we state them here.

In the county of Galveston are two district courts for the trial of civil causes. They are clothed with the ordinary jurisdiction of district courts in this State and have concurrent territorial jurisdiction within the limits of Galveston County. It is provided by law that cases with even numbers shall be docketed in the Tenth District Court and the odd numbers in the Fifty-sixth District Court, these being respectively the numbers of the two courts. The district clerk of Galveston County is the clerk of both courts in question.

The law further provides that pleadings may be addressed simply to the "District Court of Galveston County." It is also provided that causes may be transferred from one court to the other within the discretion of the respective judges, and requires such transfer in cases where the judge of the court in which the case is pending is for any reason disqualified to try it.

The petition in the suit at bar was addressed in the terms of the statute and the caption indicated that it was designed for the Tenth district, but an odd number falling to it the clerk filed it on the docket of the Fifty-sixth District Court. Plaintiffs thereupon disclosed to the judge thereof the fact that it was an attack upon the judgment and process of the Tenth District Court and moved a transfer of the cause to the latter court. The motion was granted and the transfer made. In the meantime the judge of the Tenth district died. His successor having been of counsel in the cause and therefore disqualified to try it, transferred the cause to the Fifty-sixth District Court in obedience to the statute. It was tried in the latter court and this appeal is from that judgment.

These facts present a question of practice which so far as we know is an original one in this State. We think, however, the contention that the attack is a direct one on the judgment and process assailed may be upheld upon two grounds. First. Under the peculiar legislative provision governing the two courts and the power expressly conferred upon each judge to transfer causes it was perhaps the duty of the judge to transfer suits improperly brought in one court rather than to dismiss; and second, the reason for the transfer being a want of jurisdiction in the Fifty-sixth District Court, the filing of the papers thereafter in the Tenth District Court was tantamount to the institution of the suit in that court.

We therefore hold that under the facts disclosed by the response to the certiorari the suit must be held to be a direct and not a collateral attack upon the judgment and process of the Tenth District Court.

The retransfer to the Fifty-sixth district was clearly authorized by law and we are satisfied the action did not thereby lose its nature as a direct attack. The latter court exercising its jurisdiction by force of the order of transfer made by the court in which the judgment assailed was rendered, there was no danger of a conflict of authority or jurisdiction which the rule requiring such actions to be brought in the court the proceedings of which is assailed was designed to avoid.

The aspects of the facts in this respect being thus changed, we must dispose of questions which on the original record did not arise.

The judgment assailed was rendered on March 19, 1902. On June 24, 1902, the judgment in so far as it affected a part of the property was paid, as also the costs of suit. It is made to appear beyond dispute that J. O. Ross was served with citation and that he actually knew of the rendition of the judgment. He was also advised by Kemp of the conversation with Drouilhet concerning the lack of service on Mrs. Ross, but neither he nor his agent within the fifteen days which elapsed between that conversation and the issuance of the order of sale, nor within the further twenty days which elapsed before the sale occurred, took the trouble to advise Drouilhet of the actual facts with reference to the want of service or exercised their privilege to demand a refunding of the costs according to the agreement of Drouilhet. Their agent Mont-

gomery not only had knowledge of the rendition of the judgment but of the levy, and Drouilhet made repeated demands on him for the discharge of the judgment. When approached about the course he had pursued Drouilhet stated that his patience had become exhausted in his efforts to collect the judgment.

The record showed complete service. J. O. Ross says he did not pay the judgment sooner because he did not, in view of Drouilhet's agreement, expect him to issue an order of sale. But the terms of that agreement gave them the privilege of disclosing want of service on Mrs. Ross and demanding a refund of the costs. Drouilhet had a right to assume, in view of their silence and the sheriff's return of service, that Kemp's surmise as to want of service was incorrect.

Mrs Ross was not advised of the rendition of the judgment or the proposed sale, but we think that immaterial. Even if the service upon one executor was not valid against timely objection the judgment was not thereby rendered void, and such judgment will not be set aside unless it is made to appear that a different result would follow, a fact which is not shown. The want of service did not affect the sale either as to the sum bid or otherwise. It is held in Moore v. Paul, 2 Bibb (Ky.), 330, that service on one executor will support a judgment against the estate. The rendition of the judgment within a year of the appointment of the executors was not complained of in the petition but is made for the first time here. Such fact can not render the judgment void. Woodley v. Sullivan, 92 Texas, 38. The right to the year within which to plead is clearly in the nature of a personal privilege. The judgment will not therefore be disturbed. Plaintiffs do not pretend to have failed or refused to pay the judgment on that ground.

Plaintiffs also claim here for the first time that the judgment and order of sale are against J. O. and Ellen B. Ross personally and not as executors. If this is true, and the question may now be made, the result would perhaps be the same, for such a judgment might properly have been rendered. But we do not think the position of plaintiffs comports with the facts.

The suit resulting in the judgment assailed was styled City of Galveston against the Estate of Burnett. J. S. Burnett was first named therein as executor, but an order of dismissal as to him was had and appellants were subsequently made parties.

The pleadings in that cause are set out in the record with skeleton meagerness, doubtless due to the fact that no such point was made in the court below and the petition in this cause containing allegations that the suit was brought against them in their capacity as executors. It also appears that the taxes were claimed against the estate of Burnett.

The order of sale is also averred to have been issued against them in a like capacity and the levy made upon the property of the estate. The judgment names them as executors. They are so named in the order

of sale. No personal judgment is rendered against them, but the lien is foreclosed on the property on which the taxes accrued and the sheriff. is directed to proceed against that and no other. No judgment over is awarded in case the proceeds of the sale are insufficient to satisfy the judgment.

We are of opinion that under these facts the point is not well taken. Without further discussion we hold the other assignments without merit. The motion is overruled.

*Overruled.*

Writ of error refused.