## BROX v. KELLY et al.

### No. 4541.

Court of Civil Appeals of Texas. Texarkana.

June 28, 1935.

Rehearing Denied Sept. 5, 1935.

Jones & Jones, of Marshall, and Smith & West, of Henderson, for appellant.

Weeks, Hankerson & Potter, of Tyler, and Blalock, Blalock, Lohman & Blalock, of Marshall, for appellee.

HALL, Justice.

Appellant instituted this suit in the Fourth judicial district court of Rusk county, in the form of trespass to try title to twelve acres of land inherited by him from his father. In the same suit he sought the cancellation of a certain mineral lease and two mineral deeds on the ground of minority, and in this connection he asked that the judgment of the district court of the Fourth judicial district of Rusk county entered on December 31, 1930, removing his disabilities of minority, be set aside and invalidated, because of the fact that on the date the judgment was entered removing his disabilities of minority he was less than nineteen years of age, which fact, he alleged, was known to appellees. Appellant alleged further that appellees persuaded him and his mother to go into the district court of Rusk county and claim that he was more than nineteen years of age so as to procure the judgment removing his disabilities of minority in order that appellees might get appellant's signature to certain mineral conveyances.

Appellees answered by numerous exceptions, one of which was that the effort of appellant to set aside the judgment of the district court of the Fourth judicial district of Rusk county removing his disabilities of minority was a collateral attack upon said judgment for the reason that it was being made in the special district court of Rusk county and not in the Fourth judicial district court which rendered the judgment sought to be set aside. Appellees denied generally the charges of appellant and pleaded not guilty. They specially denied any knowledge of the fact that the appellant was under nineteen years of age when the judgment removing his disabilities of minority was entered, or that they were guilty of fraud in procuring the removal of his disabilities of minority; that they dealt with him in good faith after said judgment was entered, and paid to him fair value for his property. They alleged further that appellant having invoked the jurisdiction of the district court of the Fourth judicial district of Rusk county in the case removing his disabilities of minority, and having testified falsely as to his age on the trial of said case, he was estopped to avail himself of the defense of minority.

The case in which appellant's disabilities of minority were removed was filed and judgment entered in the district court of the Fourth judicial district of Rusk county

on December 31, 1930, and this case, among other things, seeking to set aside said judgment, was originally filed in the district court of the Fourth judicial district of Rusk county, and was by the judge of said court transferred to the special district court of Rusk county, and this trial was had in the special district court. A trial was had to the court without a jury and judgment was entered in favor of appellees, from which the appellant prosecutes his appeal to this court.

Appellant brings forward several assignments of error to the effect, in substance, that the trial court erred in refusing to set aside the judgment of the district court of the Fourth judicial district removing appellant's disabilities of minority, and in refusing to set aside the mineral conveyances theretofore executed by appellant on account of his minority. Appellees contend that the special district court of Rusk county was without authority to set aside the judgment removing appellant's disabilities of minority because said judgment was entered in the district court of the Fourth judicial district of Rusk county, and that the appellant having procured said judgment by his own fraud could not be heard to complain.

The main questions in this case, in our opinion, are: (1) Under the circumstances in this case did the district court of the special district of Rusk county have jurisdiction to try the issue of setting aside the judgment removing appellant's disabilities theretofore rendered in the district court of the Fourth judicial district of Rusk county; (2) under the findings of fact of the trial court in this case did the district court of the Fourth judicial district have jurisdiction of the person of appellant to render the judgment dated December 31, 1930, removing his disabilities of minority; and (3) under the peculiar circumstances in this case will the appellant be permitted in a court of equity to set aside and annul a judgment, the entry of which was brought about, in part at least, by his own wrongful act?

■ We shall discuss the above questions in their order. Undoubtedly the general rule is that, in a direct attack to vacate or annul a judgment, the suit making such attack must be brought in the court which rendered the judgment sought to be vacated, and all parties to the first suit, or their privies, must be parties to the second suit. Acts 1932, 42d Leg., 3d Called Sess., c. 48, p. 120 (Vernon's Ann. Civ. St. art. 199, subd. 124a), creating the special district court for Rusk and Gregg counties, provides that the judge of the Fourth judicial district court of Rusk county and the judge of the special district court of Rusk and Gregg counties may, in their discretion, either in term time or vacation, transfer causes from one court to the other for trial, and that the district clerk of Rusk county shall be the custodian of the records of both courts. The record in this case reflects that on the 7th day of February, 1933, Hon. R. T. Brown, judge of the Fourth judicial district court, transferred this case from the district court of the Fourth judicial district of Rusk county to the special district court of Rusk county. Both of these district courts had concurrent jurisdiction within the limits of Rusk county. The appellant by amendment to his pleadings made the county judge and the guardian ad litem parties to this cause of action. Thus it will be seen that all the parties to the suit wherein judgment was rendered removing the disabilities of minority of appellant were parties to the suit seeking to set said judgment aside, and it only remains to be seen whether the special district court by virtue of the transfer by Judge Brown, from the Fourth judicial district court to the special district court, had jurisdiction to vacate the judgment of the Fourth judicial district court removing appellant's disabilities.

The nearest case in point we can find in this state on this question is Ross et al. v. Drouilhet et al., 34 Tex. Civ. App. 327, 80 S. W. 241, 244, writ of error refused. This case was to set aside a judgment theretofore rendered in the Tenth district court of Galveston county, and was brought in the Fifty-Sixth district court of Galveston county. It seems that the Fifty-Sixth district court and the Tenth district court had concurrent jurisdiction in Galveston county, and under the statute the clerk filed suits with even numbers in one court, and those with odd numbers in the other court, and by virtue of this rule the case to set aside the judgment of the Tenth district court was filed in the Fifty-Sixth district court. It was transferred to the Tenth district court, and because of the disqualification of the trial judge of the Tenth district, it was transferred back to the Fifty-Sixth district, where it was tried. On motion for rehearing the court had this to say:

"These facts present a question of practice which, so far as we know, is an original one in this state. We think, however, the contention that the attack is a direct one on the judgment and process assailed may be upheld upon two grounds: First, under the peculiar legislative provision governing the two courts, and the power expressly conferred upon each judge to transfer causes, it was perhaps the duty of the judge to transfer suits improperly brought in one court rather than to dismiss; and, second, the reason for the transfer· being a want of jurisdiction in the Fifty-Sixth District Court, the filing of the papers thereafter in the Tenth District Court was tantamount to the institution of the suit in that court. We therefore hold that under the facts disclosed by the response to the certiorari the suit must be held to be a direct and not a collateral attack upon the judgment and process of the Tenth District Court. The retransfer to the Fifty-Sixth District was clearly authorized by law, and we are satisfied the action did not thereby lose its nature as a direct attack. The latter court exercising its jurisdiction by force of the order of transfer made by the court in which the judgment assailed was rendered, there was no danger of a conflict of authority or jurisdiction, which the rule requiring such actions to be brought in the court the·proceedings of which is assailed was designed to avoid."

In the case of State v. Whitcomb, 52 Iowa, 85, 2 N. W. 970, 972, 35 Am. Rep. 258, the Supreme Court of Iowa held that where a suit was brought in the proper court to vacate the divorce decree theretofore rendered in said court, another district court in another county, to which the venue had been changed, had jurisdiction to vacate the decree, stating: "It is insisted that the court erred in admitting in evidence the decree of the Chickasaw district court setting aside the divorce, for the reason that that court had no jurisdiction to vacate the decree of the Floyd district court, a court of concurrent jurisdiction. Such a proceeding, it is insisted, must, under the Code, title 19, c. 1, be presented in the court wherein the judgment assailed was rendered. * * * The statute cited cannot be construed to forbid the change of venue in a proper case, in actions to vacate judgments. The action was commenced in the proper court, and, under the provisions of the statute, the venue was legally changed. We reach the conclusion that the proceedings and rulings o'f the court below are correct."

■ It seems to us, then, in the case at bar, that the requirements of the law have been met. The case was filed in the proper court and was legally transferred to the special district court, and it is believed that under these conditions the special district court would have the same jurisdiction over this case that the Fourth district court had originally. Therefore, .it is our opinion that this was a direct attack upon the judgment of the Fourth district court of Rusk county removing appellant's disabilities of minority.

We shall next consider whether the district court of the Fourth judicial district of Rusk county had jurisdiction of the person of appellant so as to enter the judgment removing his disabilities of minority. In Cunningham v. Robison, 104 Tex. 227, 136 S. W. 441, 442, the Supreme Court, speaking through Judge Brown, discussing the statute and the authority of district courts to remove the disabilities of minors, says: "The statute of this state herein copied above confers special jurisdiction upon the district court to remove the disabilities of minors 'over the age of nineteen,' and the jurisdiction is conferred upon the district court of the county in which 'he may reside.' It is apparent from this language that the two facts—that the minor is over 19 years of age and that he resides in the county in which the proceeding is had—are jurisdictional in their character, and must be made to appear in the record in order to sustain the action of the court in exercising that power. A district court has no authority to remove the disabilities of a minor under 19 years of age."

The above holding was followed in Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, in an opinion by Judge Cureton; in Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.(2d) 364, 372, by Judge Critz; and in San Lorenzo Title & Improvement Co. v. City Mortgage Co. (Tex. Sup.) 73 S.W.(2d) 513, opinion by Justice Pierson, affirming the Court of Civil Appeals in the same case, 48 S.W.(2d) 310. To the same effect is the dissenting opinion of Judge.Davidson in Laird v. State, 79 Tex. Cr. R. 129, 184 S. W. 810, 818, 3 A. L. R. 522, wherein he quotes with approval from 12 Ency. Pleading & Practice, 179, as follows: "It is an elementary principle, recognized in all the cases, that

to give binding effect to a judgment of any court, whether of general or limited jurisdiction, it is essential that the court should have jurisdiction of the person as well as of the subject-matter, and that a judgment, which appears upon the face of the record to have been rendered without jurisdiction of the subject-matter or of the person, *or which may be shown to have been so rendered in cases where evidence upon the question is admissible,* is absolutely void, no matter in what proceeding or in what action it may thereafter be set up or relied upon." (Italics ours.) To this same effect is Emery v. State, 57 Tex. Cr. R. 423, 123 S. W. 133, 136 Am. St. Rep. 988; Mitchell v. Runkle, 25 Tex. Supp. 132, 136.

██ In the present case the trial judge in his findings of fact, paragraph 2 thereof, finds as follows: "At the time of this hearing, Walter Brox gave the appearance of being over nineteen years of age and under twenty-one years of age, and appeared to be something over six feet tall and weighing nearly two hundred pounds, *but in fact the said Walter Brox was under nineteen years of age and was of the age as shown by his birth certificate which has been introduced in evidence in this cause.*" This finding of fact is based upon ample evidence in the record and is binding upon us. The birth certificate referred to in said finding of facts reveals that appellant was about 17½ years of age on the date his disabilities were removed. Therefore, it is our opinion, based upon this finding of fact by the trial court, that the district court of the Fourth judicial district of Rusk county had no jurisdiction to enter the judgment removing the disabilities of minority of appellant, a 17½ year old negro boy, and the judgment entered by said court was null and void; for, as said by Judge Brown of the Supreme Court in Cunningham v. Robison, supra, the court's jurisdiction of the person rests upon the fact that the minor is over nineteen years of age and less than twenty-one years of age.

██ Under the peculiar circumstances in this case, will the appellant be permitted in a court of equity to set aside and annul a judgment the entry of which was brought about, in part at least, by his own wrongful act? We recognize that the authorities are practically uniform to the effect "that the fraudulent acts, concealments or representations of infants when made or done with a view to deceive and defraud others will be as binding upon them as upon adults, and their contracts will be enforced against them." This, of course, applies where the party dealing with the infant was deceived by him as to his age by some wrongful acts or representations on the part of the infant. The trial judge in his findings of fact, paragraph 4, makes the following statement: "T. B. McDonald and M. E. Few, defendants herein who negotiated for the purchase of said lease, *knew at the time the application for removal of disabilities was filed that Walter Brox was under nineteen years of age. They employed the attorney and paid him for filing the application and presenting the matter to the court.* The attorney, John Gray, did not know that the said Walter Brox was under nineteen years of age, as both Walter Brox and Sarah Brox told the attorney at the time he was preparing the application that Walter Brox was nineteen years of age. T. B. McDonald and M. E. Few did not testify at the hearing, and took no part in same *other than by employing the attorney and causing the proceeding to be filed and prosecuted.*" This finding of fact has ample support in this record. It will be noted that in said finding of fact above set out the trial judge says that T. B. McDonald and M. E. Few, defendants herein who negotiated for the purchase of said lease, *knew, at the time* the application for removal of disabilities was filed, that appellant was under nineteen years of age. And he says, further, that they took no part in said suit to remove appellant's disabilities other than *by employing the attorney and causing the proceedings to be filed and prosecuted.* The court in his findings of fact found further: "It was agreed in open court and it is so found on the undisputed evidence that none of the defendants claim, in this case, to hold as innocent purchasers." Thus we have the trial court finding: (1) That on the date that appellant's disabilities were removed by judgment entered in the Fourth district court of Rusk county he was a minor under the age of nineteen years, in fact 17½ years of age; (2) that the defendants McDonald and Few knew, at the time the application was filed upon which judgment was later entered removing appellant's disabilities, that he was under nineteen years of age; (3) knowing that fact, McDonald and Few employed an attorney and *caused the pro-*

*ceedings to be filed and prosecuted*; and (4) that none of the appellees herein are innocent purchasers, or claim to be. These findings of facts find ample support in the record, and, as said before, they are binding upon this court. The mineral conveyances were executed by appellant a very short time after his disabilities of minority were removed, and the appellees dealt with him as shown by the findings of facts by the trial court with full knowledge of his minority, and, in our judgment, were certainly charged with full knowledge that any judgment which they might procure the district court to render, through this negro boy as a willing tool, atttempting to remove his disabilities, would, so far as concerned them, be null and void and of no effect. In our judgment, it would be a monstrous doctrine to hold that several white men of intelligence could by tempting a 17½ year old negro boy with money as a purchase price for the greater part of the mineral interest in his land induce him to appear before a district court and practice a fraud upon that court and then permit them to reap the benefits of their infamy. As said by the Supreme Court of this state in the case of Graves v. Hickman, 59 Tex. 381: "We must suppose that the act of October 24, 1871 (Pasch. Dig., 7002–4), regulating the removal of the disabilities of minors, was passed in the interest of persons of that class. It certainly was not intended to aid strangers, or the relatives of the minor, to get possession of his property without the delay and inconvenience of probate proceedings. And we may suppose that in any proceeding before the district court under this act, it would be made to appear to the court that the promotion of the minor's interest was the only motive to the proceedings. If the real purpose was not to benefit the minor, but to divert his property to the uses of others, then a fraud was practiced upon the court, and at the same time a great wrong done to the minor."

In American National Ins. Co. v. Tabor, 111 Tex. 155, 230 S. W. 397, 400, Judge Greenwood, speaking for the court, says: "The rule is established that a court of equity will not withhold relief where it is necessary in the interest of justice and of sound public policy to enforce a contract which is inhibited by statute, but is not declared void and is not otherwise open to attack, provided the parties are not in pari delicto, and he who is least culpable seeks relief." Citing 1 Pomeroy, Eq. Jur. (3d Ed.) Sec. 403; Cunningham v. Holcomb, 1 Tex. Civ. App. 331, 21 S. W. 125.

If the appellant and the appellees were equally guilty in perpetrating a fraud upon the Fourth district court in procuring the rendition of the judgment removing appellant's disabilities of minority, then certainly the trial court would not be justified in affording appellant any relief. But who can say they were equally guilty? On the one hand, there are intelligent white men, one a lawyer trained in the machinations of the oil business; on the other hand, there is a 17½ year old negro youth whom the evidence shows did not know what was meant by the term "removal of disabilities," and had reached only the eighth grade in a negro country school of Rusk county.

If appellees had desired to deal with appellant in purchasing his mineral rights, they could have done so through the probate court of Rusk county, which court, under our statute, had exclusive jurisdiction to deal with this minor's property, and appellees in their efforts to make a legal purchase would have been afforded ample protection through the comfortable exercise of competitive bidding under the watchful eye of a bonded guardian.

It is clear to us that the suit instituted to remove appellant's disabilities of minority was not for his benefit, but was beneficial to the appellees herein, and from every circumstance in the case and the trial court's finding of facts, it appears that McDonald and Few, representing the appellees, were the moving cause in securing the judgment removing this minor's disabilities. It goes without saying that an enlightened person who initiates and proposes a fraudulent scheme for the less enlightened and ignorant to carry into execution is the more guilty of the culpable conduct.

Therefore, it is our conclusion, based upon the findings of fact of the trial judge, that the district court of the Fourth judicial district of Rusk county did not have jurisdiction of the person of this 17½ year old negro minor when it attempted to enter judgment removing his disabilities of minority; and, further, under the findings of fact of the trial court that the appellees knew of the appellant's minority when they *"caused to be filed"* the application to remove his dis-

abilities of minority, and, their employing an attorney and *causing the proceedings to be filed and prosecuted,* when they had full knowledge that the court had no jurisdiction of the minor's person, would render the judgment entered by the district court of the Fourth judicial district of Rusk county, so far as appellees are concerned, absolutely void and of no force and effect. And the appellant would not be estopped to set up the invalidity of this judgment as against the parties who were the moving cause in bringing about its entry.

Entertaining the above views, it is our opinion that the judgment of the trial court should be reversed and judgment here rendered for the appellant; and it is so ordered.