## WHITFIELD v. ATKINSON et al.

### No. 5081.

Court of Civil Appeals of Texas.

Texarkana.

May 27, 1937.

Edwin M. Fulton, of Gilmer, and Robt. W. Cummins, of Center, for appellant.

Butler & Price, David Wuntch, E. Ewing Smith, all of Tyler, for appellees.

HALL, Justice.

In 1917, Maggie Whitfield, appellant, received seventeen acres of land as her portion of the estate of her deceased father and mother. She sold this land to her brother, H. W. Johnson, in 1928, the consideration therefor being evidenced by vendor's lien notes. On October 16, 1930, Johnson, after default in the payment of the vendor's lien notes, conveyed this land back to Maggie Whitfield in cancellation of said indebtedness. On September 11, 1930, about one month before Johnson reconveyed the land to appellant, he executed an oil and gas lease covering the same to W. D. McDavid. On October 21, 1930, five days after Johnson had reconveyed the land to appellant in cancellation of said notes, appellant executed an oil and gas lease to C. R. Simms covering this land. Appellant and C. R. Simms on March 24, 1931, filed suit against McDavid to cancel the lease on this land given to him by Johnson. McDavid filed a formal answer in June, 1931, and in May, 1934, filed a disclaimer. On December 10, 1934, Joe Atkinson, Roy Butler, E. P. Price, Eunice Maynor, Margaret Maynor Neeley, joined by her husband, Morris Neeley, Mrs. C. I. Jones, joined by her husband, T. N. Jones, and Harry Bindler, hereinafter called interveners, filed their intervention in said suit, setting up an interest in the mineral estate in and under said land. On March 19, 1935, interveners filed an amended petition and cross-action in which they sought the appointment of a receiver. On July 24, 1935, appellant filed a motion to strike the petition of interveners for the reason that it seeks to inject into said original suit an independent cause of action, distinct and entirely foreign to that involved in the original suit. This motion was by the court overruled. On this same day appellant filed a motion to be dismissed from said suit, setting up the fact that she had never authorized the bringing of the original suit and had no knowledge of same until she was served with citation in the plea of intervention. This motion was also overruled. On the same day appellant filed a motion to have the cause transferred "back" to the Seventh district court of Smith county in order that she could legally and properly attack an agreed judgment rendered in the Seventh district court in cause numbered 2848–A on the

docket of said court and styled Maggie Whitfield et al. v. Joe Atkinson, wherein the fractional mineral interest claimed by interveners in the seventeen acres of land involved here were decreed to them and a certain fractional mineral interest was decreed to Maggie Whitfield, appellant. This motion was also overruled. Appellant on the same date, to wit, July 24, 1935, filed her amended answer and cross-action, attacking the judgment in cause No. 2848–A referred to above. It appears that appellant, prior to December 10, 1934, employed the law firm of Price, Butler & Maynor to institute suit against Joe Atkinson to set aside a mineral conveyance from her to Atkinson. This suit was filed as No. 2848–A in the Seventh district court of Smith county. Atkinson was represented by T. N. Jones. An agreed judgment was entered by the judge of the Seventh district court of Smith county partitioning the minerals among the respective claimants, among whom were interveners.

Trial was to the court without a jury, and resulted in judgment partitioning the mineral estate in said seventeen acres of land among interveners and other parties to the suit, among them appellant, who alone has appealed to this court.

In her first assignment of error appellant challenges the jurisdiction of the Special district court of Smith county to hear and determine the issues involved in this suit for the reason that the suit was filed and commenced in the Seventh district court of Smith county, and no order was made by the judge of the Seventh district court entered in the minutes transferring said cause to the Special district court. This cause was filed originally in the Seventh district court of Smith county, Tex. It appears from a supplemental transcript that Judge Russell of the Seventh district court of Smith county on January 25, 1935, made the following order:

"State of Texas, }
"County of Smith. }

"In the Seventh District Court of Smith County, Texas.

"Order Transferring Cases to Special District Court of Smith County, Texas.

"January 25th, 1935:

"It is hereby ordered that all Civil Cases now pending in the Seventh District Court in Smith County, Texas, either by original filing in said Court, or heretofore transferred to it, and including divorce Cases, in which Civil and Divorce Cases process is now complete, and in which all parties have entered appearances (except the cases hereinbelow mentioned) be and they are hereby transferred to the Special District Court of Smith County, Texas, for all further orders, trial and final disposition.

"The following cases are not included in the foregoing transfer, but are retained in the Seventh District Court to-wit:

No. 2326–A Mattie Hampton, et al. vs. Clem Jackson

No. 2797–A W. T. McCoy et ux. vs. C. W. Robertson et al.

No. 3233–A F. M. Carter vs. R. A. Land

No. 3370–A J. F. Gambrell vs. R. W. Fair et al.

No. 3938–A I. W. Thompson vs. Ellis Korkmas

No. 739–A P. H. Torrans vs. G. G. Bell

No. 2175–A H. B. Nowlin et al. vs. M. K. Nowlin et al.

No. 2410–A J. P. Byron et al. vs. Alfred Hampton et al.

No. 2417–A J. P. Byron vs. Unknown Heirs of David Hill et al.

No. 3404–A Mrs. Odell vs. I. J. Hall et al.

No. 3406–A Mrs. Belle McFarland vs. A. Hicks et al.

No. 3548–A B. N. Talliaferro et al. vs. H. H. Rowland

No. 3644–A Mrs. Mary Coons vs. Marvin Andrews

No. 3790–A Leon Dunn et al. vs. Alex McCutchin

"II.

"And all cases in which Receivers have heretofore been appointed and have not been finally discharged at this date:

"III.

"Also, all cases in which service of process is not complete at this date, or appearances have not been entered by all parties.

"Walter G. Russell

"Judge Seventh Judicial District of Texas.

"Filed Jan. 25, 1935.

Recorded Jan. 26, 1935."

It is noted that certain cases were not transferred by this order, among which are those "in which service of process is not complete (at this date, January 25, 1935) or appearances have not been entered by all the parties." There is nothing in the record before us to show service on in-

terveners' cross-action on appellant at or before the date of the order of transfer set out above. The record shows that on March 5, 1935, nearly a month and a half after the above transfer was entered, a formal answer in the Seventh district court was filed by appellant, and on March 19, 1935, nearly two months after the date of the entry of said transfer, Judge Russell of the Seventh district court, at the instance and request of interveners, appointed a receiver to take charge of the property in controversy. On July 24, 1935, after motion by appellant to transfer said cause of action "back" to the Seventh district court, the cause proceeded to trial in the Special district court of Smith county. It is clear to us that the order of Judge Russell of the Seventh district court dated January 25, 1935, did ·not effect a transfer of this cause to the Special district court of Smith county. This is apparent, not only from the order itself, but from the fact that for nearly two months after the entry of the said transfer order, Judge Russell of the Seventh district court was exercising jurisdiction over said cause of action and appointed a receiver therein. So it appears to us that the Special district court of Smith county was without jurisdiction to try and determine any issue in this cause. The burden rested upon appellees to show affirmatively that the Special district court of Smith county had jurisdiction to try this cause. This, the record shows, they failed to do, and we are of the opinion that the judgment rendered therein by the Special district court of Smith county was a nullity. Johnson v. Williams (Tex.Civ.App.) 24 S.W.(2d) 79, writ refused.

Should it be conceded that this cause was by transfer properly before the Special district court of Smith county, still, we are of the opinion that the judgment must be reversed because of the ·failure of the trial court to determine the issue of the invalidity of the judgment in cause No. 2848–A set out in the cross-action of appellant. As said before, this cause was filed in the Seventh district court, the court which entered the judgment in cause No. 2848–A. And ·if the order set out above was sufficient to transfer this cause from the Seventh district court to the Special district court, then that would clothe the Special district court with the same power and right to hear and determine the validity of the judgment in cause No. 2848–A as the Seventh district court originally had. This was our holding in Snell v. Knowles,

87 S.W.(2d) 871, writ dismissed; Brox v. Kelly, 87 S.W.(2d) 753, writ granted on other grounds. See, also, Ross v. Drouilhet, 34 Tex.Civ.App. 327, 80 S.W. 241, writ refused; chapter 3, p. 7, Acts of Regular Session of 44th Legislature (Vernon's Ann.Civ.St. art. 199 (7) §§ 1–17).

For the reasons indicated above, the judgment of the trial court is reversed, and the cause remanded.