### BOYLES v. COHEN.

#### No. 12167.

Court of Civil Appeals of Texas. Galveston.

May 11, 1950.

Rehearing Denied June 1, 1950.

W. J. Mills, Houston, for appellant.

Woodul, Arterbury, Folk & Wren, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, H. M. Cohen, in statutory trespass to try title form for recovery from appellant, Edward S. Boyles, of the title and possession of the north ½ of Lot 8, the south ¾ of Lot 9, and the adjoining S. W. 25 x 62½ feet of Lot 11, Block 428, S. S. B. B. Addition to the City of Houston, Harris County, Texas. The action also sought to review and declare void a tax judgment and the order of sale and constable's deed thereunder in a judgment rendered in the District Court of Harris County, Texas, involving the property.

In answer to one special issue submitted, a jury found that appellee, H. M. Cohen, had not been served with citation in Cause No. 266,969, styled City of Houston v. H. M. Cohen et al. Judgment was rendered awarding appellee the title and possession of the property involved in the suit.

Appellee alleged that he was the owner of the property in controversy and that it had been illegally sold under an order of sale issued in said Cause No. 266,969 for taxes allegedly due for the years 1920 and 1921. He alleged and testified that the first and only information he had ever received in reference to said tax suit or tax deed affecting the property was a registered letter from appellant notifying him of the fact that he had bought the property two years before and that he then owned it.

The material facts in the case are undisputed. They are substantially as pled.

The action sought to be declared void was brought by the City of Houston, through its tax attorney, in the 11th District Court of Harris County on June 20, 1940, for recovery from appellee, H. M. Cohen, Investors Syndicate, and Hermann Hospital Estate of taxes amounting to $33.68, alleged to be due on the property involved for the years 1920 and 1921. A default judgment was rendered against H. M. Cohen and Investors Syndicate for foreclosure of an alleged tax lien and the property was ordered sold to satisfy the lien. The judgment in the tax suit recited that " * * * the defendants, H. M. Cohen and Investors Syndicate, though duly cited according to law, to answer plaintiff's petition as it fully appeared to the court, having failed to appear and answer in this behalf, but wholly made default * * *". The judgment recited that the court found that the plaintiff had a good and valid lien against all the interest of H. M. Cohen and ordered a foreclosure of the lien. An order of sale was issued and the property was sold to J. F. Selby by constable's deed dated April 12, 1944, for the sum of $42.00. Appellee testified that the property was valued at $15,000.

On April 30, 1946, J. F. Selby petitioned the 11th District Court of Harris County to correct the judgment rendered in said tax suit so as to describe the property as it was described in the trial petition. No notice of this application was issued or served on the parties to the original tax suit and the court on the date the application was filed entered an order correctly describing the land, and a new tax deed was immediately executed by the same constable. The new tax deed was dated April 12, 1944, notwithstanding the fact that it was recited in the new deed that it was executed pursuant to an order of the court dated April 30, 1946. On September 13, 1946, J. F. Selby conveyed the land by general warranty deed to appellant, Edward S. Boyles.

When the instant suit was filed in the District Court of Harris County, the District Clerk gave it a number and endorsed on it the particular district court that was next in order on the filing list. When it was called for trial, it was assigned by the presiding judge to the 113th District Court of Harris County.

The citation in said tax suit, which was introduced in evidence, commanded appellee to appear and answer in the suit on February 9, 1942, whereas it recited on its face that it was not issued until February 10, 1942. None of the defendants appeared when the case was called for trial and a default judgment was taken against appellee and Investors Syndicate. Hermann Hospital Estate was not mentioned in the judgment rendered.

Appellant contends in the points of error on which he relies that the trial court erred in overruling his special exceptions to appellee's pleadings, in which he asserts that appellee's suit constituted a collateral attack upon said judgment, and that the court erred in admitting in evidence the sheriff's return and pleadings in the tax suit for the purpose of contradicting the jurisdictional recitals therein and for the purpose of establishing the fact that one of the original defendants in the suit, the Hermann Hospital Estate, was not disposed of in the said judgment, his contention being that Hermann Hospital Estate was disposed of by necessary implication. He contends that since said tax judgment was rendered in the 11th District Court, the 113th District Court did not have jurisdiction to render judgment in this suit.

Appellant's contention that this suit is a collateral attack upon the judgment in said tax suit cannot, we think, be sustained, for the reason that the judgment rendered did not dispose of all parties to the suit, either expressly or by implication. It has been uniformly held by the courts of this State that a judgment which does not dispose of all parties to a suit is not a final disposition of the case and is, in effect, an interlocutory order upon which no action can be maintained.

The case of Gathings v. Robertson, Tex. Com.App., 276 S.W. 218, 219, seems to be

conclusive of this issue. In its opinion, the court says: "Our statutes provide that there shall be but one final judgment in a case, and a judgment which does not dispose of all the parties to the suit is not a final disposition of the case. * * * The court of Civil Appeals erred in holding that the contention of plaintiff in error that the judgment on which he was sought to be held liable was not a final judgment was a collateral attack on a judgment of a court of competent jurisdiction, and that the pleadings and record could not be considered in determining whether the judgment was binding on him."

It is undisputed that, in the original tax suit, plaintiff alleged that defendants, H. M. Cohen, Investors Syndicate, and Hermann Hospital Estate, claimed an interest in said land. In the judgment rendered only H. M. Cohen and Investors Syndicate were mentioned and no reference was made in the judgment rendered to Hermann Hospital Estate.

The following authorities are in accord with the rule announced in the case of Gathings v. Robertson, supra. Kline v. Power, Tex.Civ.App., 114 S.W.2d 617; Texas Cities Gas Co. v. Dickens, Tex.Civ. App., 133 S.W.2d 810; De Zavalla v. Scanlan, Tex.Com.App., 65 S.W.2d 489.

Appellant's contentions that appellee's suit cannot be classed as a direct attack on said tax judgment because it was not brought in the 11th District Court, in which the judgment in the tax suit was rendered, cannot, we think, be sustained.

Section 11 of Article 199, R.C.S. of Texas, as amended in 1947, Vernon's Ann.Civ. St. art. 199, district 11, provides that the District Courts of Harris County shall have and exercise concurrent jurisdiction within the limits of the county in all civil cases over which district courts are given jurisdiction by the Constitution and laws of this State; that in all suits brought, it shall be sufficient for the designation to be merely the District Court of Harris County, and that the Clerk of said Courts shall docket alternately on the dockets of said district courts all cases filed in said county, and that

all cases shall be docketed, divided and distributed among said district courts.

Article 2092, R.C.S., Section 21, Vernon's Ann.Civ.St. art. 2092, § 21, provides that the judges of said courts may, in their discretion, exchange benches or districts from time to time and may transfer cases and other proceedings from one court to another, and that any one of them may in his own court room try and determine any case or proceeding pending in another court without having the case transferred and may sit in any other of said courts and there hear and determine any case there pending.

Said Article 2092 has been superseded by Rule 330, T.R.C.P.

Under the above statutes, appellee complied with the law by addressing his petition to the District Court of Harris County, Texas, and the Clerk of said court filed the suit in the court then open under the authority of said Article 199.

A similar situation arose in this court in the case of Ross v. Drouilhet, 34 Tex.Civ. App. 327, 80 S.W. 241, 244 (writ refused), in which the court, speaking through Justice Gill, held under a state of facts involving the 56th and the 10th District Courts of Galveston County that, "under the peculiar legislative provision governing the two courts, and the power expressly conferred upon each judge to transfer causes, it was * * * the duty of the judge to transfer * * * rather than to dismiss; and, second, the reason for the transfer being a want of jurisdiction in the Fifty-Sixth District Court, the filing of the papers thereafter in the Tenth District Court was tantamount to the institution of the suit in that court."

The above-cited statutes clearly provide that the 113th District Court of Harris County, in which this action was filed by the District Clerk, had the authority to try any case that was pending in any other district court of Harris County when the case was properly assigned to it by the presiding judge of the civil district courts of Harris County.

Appellant's contention that there was not sufficient competent evidence to support the

submission of said special issue cannot be sustained.

■ The only evidence introduced by appellant to controvert appellee's testimony that no citation was served on him was the sheriff's return on the defective citation introduced in evidence. Appellee had, we think, the right to show in a direct proceeding that the court in which the suit attacked was filed was without jurisdiction to try the case.

■■ In this case it not only affirmatively appeared on the record that the citation was defective and that no valid citation was served on appellee, but appellee testified that he was not served with citation. It is undisputed that the citation introduced in evidence showed on its face that it came into the hands of the sheriff on February 10th, and that it commanded the defendants to appear on February 9th. The jury found that the defendant was not served. While it is held that an officer's return on a citation cannot be impeached by the testimony of one witness, our Supreme Court has set out as an exception to that rule that if there be strong corroborating testimony to support the testimony of the one witness, the requirement of the law is satisfied. Panhandle Construction Co. v. Casey, Tex.Civ. App., 66 S.W.2d 705; Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731.

We have carefully considered all other points of appeal presented by appellant in his brief, and, finding no reversible error, the judgment of the trial court will be in all things affirmed.