**Joann Patricia FASSY, et al., Relators,**

v.

**The Hon. Thomas KENYON, Respondent.**

**No. 01–84–0042–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1984.

Rehearing Denied March 22, 1984.

---

Kenneth T. Ward, Houston, for relators.

F.B. Harvie, Jr., Houston, for respondent.

EVANS, C.J., and DOYLE and LEVY, JJ.

DOYLE, Justice.

Relators seek a writ of mandamus from this court to compel respondent, the Honorable Thomas Kenyon, Judge of the 300th District Court of Brazoria County, to set aside his order enjoining the enforcement of a judgment of the 309th Family District Court of Harris County.

This court granted leave to file based upon the expanded jurisdiction of the Courts of Appeals with respect to the issuance of writs of mandamus. Tex.Rev. Civ.Stat.Ann. art. 1824 (Vernon Supp. 1983). Mandamus is an appropriate remedy to settle a jurisdictional conflict between courts. See *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974).

On March 11, 1983, the 309th District Court entered judgment for unpaid child support against Milby Fassy in favor of relators. On November 10, 1983, on motion of Milby Fassy, the cause was transferred to the 300th District Court of Brazoria County.

In November 1983, for satisfaction of the judgment, the Brazoria County sheriff seized and posted for sale two pleasure boats owned by Milby Fassy.

On November 27, Milby Fassy filed in relator's court a petition for bill of review and a temporary restraining order prohibiting the sheriff's sale of the boats. The respondent court granted the temporary restraining order and later a temporary injunction which enjoined the sale and collection on the judgment pending determination of the bill of review.

Relators contend that the trial court lacks jurisdiction to enjoin the sheriff's sale and to entertain the bill of review because only the court that rendered judgment may enjoin its enforcement and hear a bill of review.

It is settled that only the court rendering judgment has jurisdiction of a direct attack upon that judgment by way of bill of review. 4 R. McDonald, Texas Civil Practice in District and County Courts § 18.25 (1971). The question for our determination is whether a transferee trial court is an exception to the rule and has jurisdiction to entertain a bill of review and enjoin execution on the judgment.

Tex.Fam.Code Ann. § 11.06(k) (Vernon Supp. 1982–1983) provides:

A court to which a transfer is made becomes the court of continuing jurisdiction, and all proceedings in the suit are continued as if it were brought there originally. All judgments, decrees, and orders transferred shall have the same effect and be enforced as if entered in the transferee court.

Relator argues that the transfer provisions of section 11.06 do not apply to a bill of review because the section deals solely with venue and is merely a grant of

jurisdiction to empower the transferee court to hear pending and future suits affecting the parent-child relationship. We disagree.

■ Section 11.06(k) specifically provides that judgments shall have the same effect as if entered in the transferee court. Thus, if the filing of a bill of review would have been proper in the transferring court, the transferee court would have jurisdiction over the suit. A transfer order is final as to the transferring judge once he loses plenary power over the order. *Seay v. Valderas,* 643 S.W.2d 395 (Tex.1982).

Subsection 11.06(k) further provides:

The transferee court shall specifically have the power to punish disobedience of the transferring court's judgments, decrees and orders, whether occurring before or after the transfer, by contempt.

It follows that if the transferee court is the proper court to enforce the judgment of the transferring court, the converse should be true, and the transferee court should have the authority to consider setting aside the judgment through a bill of review. Additionally, section 11.06(j) requires the transferring court to send to the transferee court the complete files in the case. As a matter of judicial convenience, the transferee court would be the logical court to hear the bill of review.

Consideration of a bill of review on a judgment of another court is not without precedent. Once the cause has been filed in the proper district court, it may be transferred to another district court of the same county for trial, *Jackson v. Thompson,* 610 S.W.2d 519 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Whitfield v. Atkinson,* 106 S.W.2d 804 (Tex.Civ.App.—Texarkana 1937, no writ), or to another district court in another county following creation of special district court in the other county. *Brox v. Kelly,* 87 S.W.2d 753 (Tex.Civ.App. —Texarkana 1935, writ dism'd by agr.).

Since the respondent court has jurisdiction to consider the bill of review, it also has jurisdiction to enjoin the sheriff's sale pending determination of the bill of review.

Tex.Rev.Civ.Stat.Ann. art. 1914 (Vernon 1964).

The application for a writ of mandamus is denied.