Honorable Joe Warner Bell Trinity County Attorney P. O. Box 979 Groveton, Texas 75845
Re: Whether a district clerk may charge a fee for filing transfer papers in a child support enforcement action (RQ-1466)
Dear Mr. Bell:
You ask whether a district clerk may charge a fee for filing papers in a child support enforcement action transferred pursuant to section 11.06 of the Family Code.
When a court acquires jurisdiction of a suit affecting the parent-child relationship, it retains continuing exclusive jurisdiction of all the parties and issues unless an exception exists under section 11.06 or 17.06 of the Family Code. Fam. Code § 11.05.
Your question concerns the transfer of a case under subsection (b) of section 11.06 of the Family Code, which, among other things, addresses a transfer of a proceeding to the county where a child has moved and currently resides. Under your scenario it appears that prior to the change of residence of the child an order for support had been entered by the transferring court.
Subsection (k) of section 11.06 states:
 A court to which a transfer is made becomes the court of continuing jurisdiction, and all proceedings in the suit are continued as if it were brought there originally. All judgments, decrees, and orders transferred shall have the same effect and be enforced as if originally entered in the transferee court.
See Fassy v. Kenyon, 675 S.W.2d 217 (Tex.App.-Houston [1st Dist.] 1984, no writ).
Texas Rule of Civil Procedure 89 provides that a court may dismiss a case transferred on a change of venue if a new filing fee is not paid. Section 14.13 of the Family Code, however, addresses the matter of filing fees to be collected when a motion for enforcement of an order is filed. Section 14.13[1]
provides:
 No additional filing fee may be collected or required in a suit affecting the parent-child relationship when a party to the suit files a motion to modify a decree under Section 14.08 of this code, or when a motion for the enforcement of an order is filed under Section 14.09 or 14.091 of this code. This section does not prohibit the clerk from collecting a deposit in the amount set by the clerk as in other cases for payment of expected costs and other expenses arising in the proceeding. (Emphasis added.)
Section 14.13 was construed in Attorney General Opinion JM-396
(1985) where it was stated:
 That provision makes clear that the district clerk may not charge a fee for a motion to modify a decree or a motion for enforcement of an order in a suit affecting the parent-child relationship. Apparently the district clerk's question arose because of uncertainty about the interpretation of the phrase `no additional filing fee' in that provision. We think that the word `additional' is a reference to the initial filing fee in the suit affecting the parent-child relationship. In effect, the provision means that the cost of filing motions to modify or motions to enforce orders is covered by the initial filing fee. (Emphasis added.)
When a party to a suit affecting the parent-child relationship desires to seek modification or enforcement of a decree, the legislature has provided that no additional fee is to be collected in the suit. The legislature has not excused a party merely from paying a filing fee for the motion for modification or enforcement, but instead has excused a party who files a motion from all additional filing fees in the suit. This provision makes sense. If the child has moved, a transfer may be necessary to adjudicate any motion for modification or enforcement of the decree governing the parent-child relationship. The legislature wants no filing costs attached to seeking modification or enforcement. Thus, the legislature has provided that a party who seeks modification or enforcement of a decree need not pay a fee for filing the necessary motions or a fee for the transfer necessary to adjudicate such motions.
Your concern is how to resolve the conflict between Texas Rule of Civil Procedure 89 and section 14.13 of the Family Code. We believe that the Family Code controls. In Beryger v. Diaz,585 S.W.2d 359 (Tex.Civ.App.-Dallas 1979, no writ), a motion to transfer was granted in a proceeding concerning the parent-child relationship pursuant to the provisions of section 11.06. The appellants contended that they were entitled to an appeal under the then Rules of Civil Procedure in that the action of the trial court amounted to a change of venue in a plea of privilege proceeding. In dismissing the appeal the appellate court held that the transfer procedures in the Family Code were designed to supplant the regular venue rules in the Rules of Civil Procedure. Based upon this authority, we conclude that the cost provision of section 14.13 of the Family Code supplants the cost provision of Texas Rule of Civil Procedure 89.
 SUMMARY
A district clerk may not charge a fee for filing papers in a child support enforcement action transferred under section 11.06 of the Family Code.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lous McCreary Executive Assistant Attorney General
 Judge Zollie Steakly Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Tom G. Davis Assistant Attorney General
[1] Another provision also labeled section 14.13 of the Family Code provides:
 A clerk, auditor, sheriff, or other government officer or employee may not charge a fee or other amount for services rendered in connection with an action or proceeding in which the attorney general of this state is representing a party for the purpose of obtaining child support.
In Attorney General Opinion JM-396 (1985) it was concluded that the two sections are not in conflict and the `overlap in labeling is nothing more than a clerical error. Thus, both amendments are valid.'